This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Houston G. Saffold (hereinafter "Saffold"), appeals the trial court's dismissal of his complaint against Appellees, St. Elizabeth Hospital Medical Center (hereinafter "Hospital") and the Hospital's Director of Medical Administration Services (hereinafter "Director"), pursuant to a motion for summary judgment. The issue before us is whether the trial court erred by granting summary judgment for the Hospital and Director. For the following reasons, we conclude the trial court did not err and affirm its decision.
Saffold was experiencing back pain and went to Dr. Chandler Kohli for treatment. On May 9, 1991, Dr. Kohli performed back surgery on Saffold in the Hospital to treat Saffold's condition. Subsequent to the surgery, Saffold continued to feel back pain and, on April 8, 1992, a surgeon at the Veterans Administration Hospital in Cleveland, Ohio, successfully alleviated his pain. Saffold proceeded to file a medical malpractice claim on July, 2, 1992 against the Hospital, the Director, and several other parties. On September 24, 1992, Saffold voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41(A).
On May 14, 1998, Saffold filed a new complaint alleging both medical malpractice and fraudulent concealment against nine parties, including the defendants named in the July 1992 complaint, as well as the attorneys representing him in that case. After discovery, five of the parties filed motions for summary judgment which were granted and sustained on appeal by this court in Saffold v. Hillside Rehabilitation Hosp. (June 27, 2000), Mahoning App. No. 99 CA 76, unreported, discretionary appeal denied 90 Ohio St.3d 1428, certiorari denied ___ U.S. ___, (2001)121 S.Ct. 1362. ("Saffold, I") Subsequent to the first round of filings, the Hospital and Director filed a separate motion for summary judgment which the trial court granted.
Saffold asserts two different assignments of error:
 "The trial court erred to substantive prejudice of appellant when it granted summary judgment favoring the defendants and therefore the trial court clearing [sic] abused its discretion."
 "Defendant's [sic] intentionally committed fraud when they intentionally perverted trust for the purpose of inducing, and they did induce appellant to rely on what they told appellant, and, further, withheld information from appellant, same [sic] of which appellant did rely upon, and caused appellant to dismiss his lawsuit because of defendant's [sic] false representation of a matter of fact."
 We affirm the trial court's decision because Saffold's claims are barred by the statute of limitations and not saved by R.C. 2305.19, and he failed to plead fraud with the requisite particularity in violation of Civ.R. 9(B).
We note Saffold's second assignment of error violates App.R. 16 because it does not assign error to the actions of the trial court. Instead, he merely argues the merits of his case and asserts he should be given a chance to prove his claims to a jury. This argument is not separate from his first assignment of error, rather, it continues the argument he makes in support of his first assignment of error. Therefore, we will address both assignments of error together.
When reviewing a trial court's order granting summary judgment, we apply the same standard used by the trial court, Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829 and our standard of review is de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. Pursuant to Civ.R. 56, summary judgment is proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law, as reasonable minds can reach one conclusion, which is adverse to the nonmovant. Id. Where, as in this case, the trial court does not indicate the basis for its decision, this court may affirm a decision, if correct, for any reason raised in the trial court. Koch v. Ohio Dept. of Natural Resources (1990),70 Ohio App.3d 612, 616 footnote 2. "Appeals are from judgments, not the opinions explaining them." Couchot v. State Lottery Comm. (1996),74 Ohio St.3d 417, 423, certiorari denied (1996) 519 U.S. 810,117 S.Ct. 55.
The Hospital and the Director argue in their summary judgment motion that Saffold's medical malpractice claims are barred by the statute of limitations, which states that such claims must be brought within one year after the cause of action accrues. R.C. 2305.11(B)(1). The cause of action for medical malpractice accrues either when the physician-patient relationship for that condition terminates or when the patient discovers, or should have discovered, the resulting injury, whichever occurs later. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph one of the syllabus. Saffold's response here refers mainly to the actions of Dr. Kohli, who was dismissed from the case below via the first set of summary judgment motions which were affirmed by this court in Saffold I. He contends Dr. Kohli failed to decompress a nerve which led to Saffold seeking relief at the Veterans Administration Center where they immediately performed surgery upon discovering the nerve injury. This claim against Dr. Kohli has already been deemed time barred by this court in Saffold I, and is res judicata.
In the present case, Saffold alleges negligence on the part of the Hospital's employees, relying upon the theory of respondeat superior to impute liability to the Hospital. He has offered no additional evidence to prove he was treated by anyone at the Hospital after December 5, 1992, or, giving Saffold the benefit of the latest discovery date possible for the purpose of a malpractice claim, that he discovered the alleged malpractice when the Veterans Administration Center advised him he had "a cord stenosis dangerously close to the spinal cord with a nerve compression", for which surgery was performed on April 8, 1992. Saffold presents no evidence to counter the affidavit of George Davis, the Hospital's risk manager, establishing that Saffold last received treatment at the Center on December 27, 1991. Therefore, his malpractice claims appear to be barred by R.C. 2305.11.
However, this appeal involves the second complaint filed by Saffold, which alleges claims voluntarily dismissed in his original complaint. Under R.C. 2305.19,
 "[i]n an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 Because Saffold voluntarily dismissed his first complaint on September 24, 1992, he had until September 24, 1993, to file a new complaint. However, Saffold does not dispute the fact he did not recommence the instant action against the Hospital and the Director until May 14, 1998, more than five years after the original dismissal. Because there is no genuine issue of material fact regarding the applicability of the statute of limitations to Saffold's medical malpractice claims or the dates he dismissed and then refiled his complaint and the Hospital and Director were entitled to judgment as a matter of law, it was proper for the trial court to grant summary judgment against him on those claims.
Saffold also argues in his refiled complaint and this appeal that the Hospital and Director fraudulently concealed lumbar spine test results and, therefore, allowed Dr. Kohli to operate in the absence of informed consent. This claim was raised in Saffold I, where we found Saffold failed to plead his allegations of fraud with specificity and affirmed the dismissal of this cause of action against the other defendants. Here, the trial court granted the Hospital and Director summary judgment on the same grounds.
Whenever a plaintiff alleges a party has committed fraud, the circumstances constituting the fraud shall be stated with particularity. Civ.R. 9(B). "The `circumstances constituting fraud' include the time, place and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud."Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc. (1996),109 Ohio App.3d 246, 259. Although strict compliance with Civ.R. 9(B) is not always required, the underlying determination is whether the allegations are specific enough to notify the defendant of the matters of which the plaintiff complains so as to allow the defendant to prepare an effective response and defense. Id. If the allegations in the complaint do not reach this threshold, summary judgment is proper. Id.
Saffold's complaint sets forth his claim for fraud via separate causes of action against the Hospital and the Director. His Ninth Cause of Action alleges:
 "That St. Elizabeth Hospital Medical Center is liable for the malpractice of its employees under the Respondeat Superior theory. Plaintiff invokes that liability against defendant, St. Elizabeth Hospital Medical Center, and those working in concert participation."
Saffold's Eleventh Cause of Action alleges:
 "That both, the St. Elizabeth Medical Center's Director, and the Hillside Rehabilitation Hospital's Director, conspired with all of the additional named defendants in this action and fraudulently concealed vital information to the detriment of Houston G. Saffold, the plaintiff in this case, and plaintiff suffered injury."
 These allegations are mere conclusory statements that either the Hospital and/or the Director were concertedly committing fraud. They clearly do not illustrate the circumstances setting forth the alleged fraud. Furthermore, Saffold refused to provide this information. When asked to "[s]tate, with specificity, the circumstances constituting fraud, as averred in your Eleventh Cause of Action, as required by Rule 9(B) of the Ohio Rules of Civil Procedure," and to "[s]et forth the dates, times, places during of which each fraudulent act took place" in interrogatories, Saffold responded:
 "That information should be forwarded to defendant's [sic] counsel immediately upon hiring expert witnessed [sic] and in sufficient time prior to trial."
 The facts alleged in Saffold's complaint simply do not amount to fraud. Because there is no genuine issue of material fact and as a matter of law Saffold failed to comply with Civ.R. 9(B), it was proper for the trial court to grant summary judgment against him on those claims.
Because no genuine issue of material fact exists on Saffold's failure to comply with Civ.R. 9(B) or his failure to timely refile his complaint, as a matter of law the Hospital and Director were entitled to summary judgment. For the foregoing reasons, we find both of Saffold's assignments of error to be meritless. Accordingly, the decision of the trial court is affirmed.
Donofrio, J., Concurs. Waite, J., Concurs.