HOME SAVINGS & LOAN ASSN., APPELLEE, *v.* BOESCH, SUPT. OF BUILDING AND LOAN ASSNS., ET AL., APPELLANTS.

(No. 74-162—Decided February 12, 1975.)

*Messrs. Williams, Purtill & Zumkehr* and *Mr. Charles E. Zumkehr; Messrs. Kelley, McCann & Livingstone, Mr. Walter C. Kelley* and *Mr. Michael L. Gordon,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Ira Owen Kane, Mr. William G. Compton, Mr. Irving B. Marks, Mr. John R. Gall* and *Mr. Nelson E. Genshaft,* for appellants.

CELEBREZZE, J.   The basic question before the court is whether the Administrative Procedure Act (R. C. Chapter 119) applies to approval of the establishment of a building and loan branch pursuant to R. C. 1151.05.

R. C. 1151.05 provides that:

"No building and loan association shall establish more than one office, or maintain branches other than those established before July 3, 1923, nor relocate any branch, except with the approval of the Superintendent of Building and Loan Associations previously had in writing."

Home Savings argues that the written approval required above is a "licensing function" sufficient to require the procedural safeguards of the Administrative Procedure Act.

R. C. 119.01, in pertinent part, provides:

"As used in Sections 119.01 to 119.13 of the Revised Code:

"(A) 'Agency' means * * * the *licensing functions* of any administrative or executive officer, department, division, bureau, board or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking or canceling licenses.   Sections 119.01 to 119.03 of the Revised Code do *not* apply to * * * the Superintendent of Building and Loan Associations * * * in the taking possession of, and rehabilitation or liquidation of, the business and property of * * * building and loan associations * * *.

"(B) 'License' means any *license, permit, certificate, commission,* or *charter* issued by the agency." (Emphasis added.)

118

The Court of Appeals decided that since some specific activities of the Superintendent of Building and Loan Associations are expressly excluded from the protection of the Administrative Procedure Act, all other acts of such agency are subject to that Act. However, that conclusion presupposes the express requirement that in order for the superintendent to be an "agency" he must be exercising a *licensing function.*[2]

It is the decision of this court that the approval of a branch application is not a licensing function. In *State* v. *Hipp* (1882), 38 Ohio St. 199, the court defined a license as "permission granted by some competent authority to do an act which, without such permission, would be illegal." R. C. 1151.03, in pertinent part, provides that:

"Upon receipt from the Secretary of State of a copy of the articles of incorporation of a proposed building and loan association, the Superintendent of Building and Loan Associations shall immediately examine into all the facts connected with the formation of such proposed corporation, including its location and proposed incorporators, and if it appears that such corporation, if formed, will be entitled to commence the business for which it is organized, *the superintendent shall so certify* to the Secretary of State, who shall thereupon record such articles." (Emphasis added.)

The emphasized language provides that the superintendent shall *certify* the application. "Certificate" appears within the definition of license in R. C. 119.01(B). Reading R. C. 1151.03 in conjunction with *State* v. *Hipp, supra,* we conclude that it is the certification to do business that invokes the application of R. C. Chapter 119.

In an analogous area, the Superintendent of Banks *cer-*

---

[2]The superintendent is *not,* pursuant to R. C. 119.01(A), an "official * * * having authority to promulgate rules or make adjudications in the Bureau of Unemployment Compensation, the Civil Service Commission, the Department of Industrial Relations, the Department of Liquor Control, the Department of Taxation, the Industrial Commission * * *." Nor are any of his functions, other than his licensing function, "specifically made subject to Sections 119.01 to 119.13, inclusive, of the Revised Code. * * *"

*tifies* that a bank is entitled to commence business pursuant to R. C. 1103.07 and 1103.12. R. C. Chapter 1111 provides the procedure for approval of a branch bank (see, especially, R. C. 1111.03). That statutory scheme gives support to the conclusion that the General Assembly did not consider the approval of branches to be a licensing function subject to the Administrative Procedure Act, since R. C. Chapter 1111 was enacted subsequent to the enactment of the Administrative Procedure Act.

R. C. 1151.03, in which the superintendent exercises a licensing function, uses language contained within the definition of "license" found in R. C. 119.01(B). The absence of that language in R. C. 1151.05 leads us to the conclusion that the General Assembly did not intend that the superintendent's approval of a branch application be a licensing function.

The superintendent performs a licensing function when he certifies that a building and loan association may commence doing business pursuant to R. C. 1151.03. When he allows an application for a branch office, pursuant to R. C. 1151.05, he allows the association to expand that business in a specific location, and no licensing function is involved. The right to commence operations is the subject of the licensing function, and whether the association may operate a branch is ancillary to that right.

For the foregoing reasons the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.