## Koch v.
## Ohio Dept. of
## Natural Resources
*[Cite as 8 AOA 272]*

*Case No. E-90-4*
*Erie County, (6th)*
*Decided December 14, 1990*

*William H. Smith, Jr., for Appellees.*

*Anthony J. Celebrezze, Jr., Attorney General and John K. McManus, for Appellant.*

This is an appeal from a judgment of the Erie County Court of Common Pleas in which appellant, Ohio Department of Natural Resources, Division of Wildlife, was ordered to transfer a commercial fishing license from appellee, Dean Koch, to appellee, White's Landing Fisheries, Inc. ("White's Landing").

The relevant facts involved in this matter are as follows. On February 7, 1989, three complaints for allegedly submitting inaccurate catch records to the Division of Wildlife in violation of R.C. 1533.42 were filed against Koch for the months of October, November and December 1988.

On December 9, 1989, Koch entered a plea of no contest to one of the record keeping charges and was found guilty. At the request of the prosecutor, the court dismissed the remaining two charges.

During the pendency of his criminal case, on February 23, 1989, Koch applied to the Division of Wildlife for transfer of his commercial fishing license to White's Landing

and to have the gear changed from a seine net to a trap net. The Division of Wildlife denied the transfer application March 8, 1989.

An appeal was filed in the Erie County Court of Common Pleas on March 21, 1989, from the Division of Wildlife's denial of Koch's request to transfer the license. That court reversed the decision of the Division of Wildlife to transfer the license.

The Division of Wildlife filed a timely notice of appeal setting forth the following assignments of error:

"I.  UNDER R.C. 119.12 THE DENIAL OF THE TRANSFER APPLICATION WAS A MINISTERIAL ACT FROM WHICH THERE IS NO APPEAL, AND AS A RESULT, THE COURT OF COMMON PLEAS LACKED SUBJECT MATTER JURISDICTION.

"II. THE COURT OF COMMON PLEAS LACKED SUBJECT MATTER JURISDICTION IN THAT AN APPEAL FROM THE DENIAL OF A LICENSE TRANSFER APPLICATION MUST BE BROUGHT IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS."

In the first assignment of error, the Division of Wildlife contends that the trial court did not have subject matter jurisdiction as the denial of the transfer application was a ministerial act from which there is no appeal.

It is well-settled law that "there is no right of an appeal from the decision of a statutory board, except as provided by statute." *Bd. of Edn. v. Bd. of Revision* (1973), 34 Ohio St. 2d 231, 233. R.C. 119.12 provides that a "party adversely affected by an order of an agency issued pursuant to an adjudication *** may appeal from the order of the agency ***." However, R.C. 119.01(D) defines "adjudication" as follows:

"*** the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, *nor other acts of a ministerial nature*." (Emphasis added.)

Further, the Supreme Court of Ohio has defined a "ministerial act" in *Boys Town v. Brown* (1982), 69 Ohio St. 2d 1, 4-5 as follows:

"A ministerial act has been defined as an act "'*** which a person performs in a given state of facts, in prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done.'" *State, ex rel. Trauger, v. Nash* (1902), 66 Ohio St. 612, 618, citing *Flournoy v. Jeffersonville*, 17 Ind. 169."

Therefore, this court must determine whether the Division of Wildlife's denial of Koch's request to transfer his commercial fishing license to White's Landing constitutes a ministerial act from which no appeal lies.

The authority of the Division of Wildlife to grant a requested transfer of a commercial fishing license is determined by R.C. 1533.36(B), which provides, in part, as follows:

. "Notwithstanding any other provision in the Revised Code and except as otherwise provided by division of wildlife order, a licensee holding a commercial fishing license issued pursuant to section 1533.35 of the Revised Code may transfer such license to a person holding a license issued under that section or to a person meeting the qualifications set forth in section 1533.342 of the Revised Code. Such transfer is subject to the following:

"***

"(6) A commercial fishing license may be transferred at any time, but it shall not be transferred if the licensee is suspended at the time transfer is sought, or *if the licensee has been charged with a violation that could result in license suspension*." (Emphasis added.)

Further, R.C. 1533.42, which requires commercial fishing licensees to submit monthly reports of daily catch data, specifically provides the following license suspension upon conviction for failure to submit such monthly reports as follows:

"In addition to other penalties provided in the Revised Code, the license of any person who is convicted of two violations of this section, which violations occurred within a twelve-month period, is suspended upon such conviction by operation of law for a period of sixty fishing season days immediately following such second conviction.

"In addition to other penalties provided in the Revised Code, the license of any person who is convicted of three or more violations of this section, which violations occurred within a twelvemonth period, is suspended upon such

conviction by operation of law for a period of eighteen fishing season months immediately following such third or subsequent conviction."

In the present case, three separate complaints, one each for the months of October, November and December, 1988, alleging violations of R.C. 1533.42 by Koch were outstanding at the time of the filing of the application to transfer and its subsequent denial. Koch could have been convicted of three separate violations, resulting in a mandatory suspension of his commercial fishing license pursuant to R.C. 1533.42. R.C. 1533.36 specifically prohibits the Division of Wildlife from transferring a license if "the licensee has been charged with a violation that could result in license suspension." The Division of Wildlife had no discretionary authority in reviewing Koch's request to transfer his commercial fishing license and was obligated to deny such requested transfer as a matter of law pursuant to R.C. 1533.36.[2] Therefore, the denial of Koch's requested transfer constituted a ministerial act with no jurisdiction vested in the common pleas court to entertain an appeal from such action.

Accordingly, appellant's first assignment of error is found well-taken.

Pursuant to our finding as to the first assignment of error, we find the second assignment of error not well-taken.

On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair proceeding, and the judgment of the Erie County Court of Common Pleas is reversed. Appellees are ordered to pay the court costs of this appeal.

GLASSER, J., and RESNICK, J., concur.

ABOOD, J., concurs in judgment only.

---

[1] Koch was alleged to have filed three separate and inaccurate monthly catch records, resulting in three separate complaints. It is clear that Koch's conduct amounted to "two or more offenses of the same or similar kind committed separately or with a separate animus as to each ***" thus permitting conviction as to each complaint. R.C. 2941.25(B).

[2] Although in its letter denying Koch's request for transfer the Division of Wildlife did not indicate that the pending complaints against Koch were the basis for the denial, this court may affirm a decision, if correct, for any reason raised in the court below. See *Butche v. Ohio Casualty Ins. Co.* (1962), 174 Ohio St. 144.