**BAYSIDE NURSING CENTER, Appellant,**

v.

**OHIO DEPARTMENT OF HEALTH et al., Appellees.**

[Cite as *Bayside Nursing Center v. Ohio Dept. of Health* (1994), 96 Ohio App.3d 754.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE01–89.

Decided Sept. 8, 1994.

*Baker, Baker and Sweterlitsch, Douglas A. Baker* and *Martha J. Sweterlitsch; Miller & Dye* and *Richard T. Taps; Roth & Bacon* and *David F. Bacon,* for appellant.

*Lee Fisher,* Attorney General, *Elise Porter* and *Karen Lazorishak,* Assistant Attorneys General, for appellees.

PEGGY BRYANT, Judge.

Appellant, Bayside Nursing Center ("Bayside"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing for lack of subject matter jurisdiction its appeal from two adjudicatory orders issued by appellee, Ohio Department of Health ("ODH"), and the termination by appellee, Ohio Department of Human Services ("ODHS"), of Bayside's provider agreement with ODHS.

Bayside, a nursing home located in Erie County, Ohio, is a provider of nursing services under a provider agreement with ODHS under the federal medicaid program. A prerequisite to entering into such a provider agreement is certification by the state "survey agency" that the nursing facility is in compliance with federal medicaid requirements. R.C. 3721.022 designates ODH as Ohio's state "survey agency" for that purpose.

ODH conducted a survey of Bayside on March 27, 1992, and cited Bayside for several deficiencies under the applicable federal standards. Bayside submitted a "plan of correction" to ODH regarding the deficiencies and ODH approved the plan on July 27, 1992. On October 1, 1992, ODH conducted a follow-up survey of Bayside and determined that two of the deficiencies [1] previously cited had not been substantially corrected in accordance with Bayside's plan of correction. As a result, on October 29, 1992, the director of ODH issued two adjudicatory orders to Bayside. The first order terminated Bayside's medicaid certification pursuant to R.C. 5111.58(B) and (C), effective November 29, 1992. The second order denied Bayside payment for medicaid eligible residents admitted on or after November 2, 1992, pursuant to R.C. 5111.57(A) and (C). In response to ODH's order terminating Bayside's medicaid certification, ODHS notified Bayside on November 10, 1992, that it was terminating its provider agreement with Bayside as of November 29, 1992, pursuant to R.C. 5111.52(B)(2).

Bayside timely requested a hearing on the orders issued by ODH. On December 3, 4 and 11, 1992, a hearing was held before an administrative hearing examiner. Following the hearing and the parties' submission of post-hearing briefs, the hearing examiner recommended that both the termination of certification order and the denial of payment order be sustained. On January 27, 1993, the director of ODH issued a final decision affirming the orders.

On February 5, 1993, Bayside filed a notice of appeal in the Franklin County Court of Common Pleas, naming both ODH and ODHS as appellees, and

---

1. The deficiencies at issue concern federal requirements that all resident rooms in medicaid certified nursing facilities have direct access to an exit corridor and have floors which are at or above grade level.

purporting to appeal not only from ODH's orders but also from ODHS's termination of its provider agreement with Bayside.

ODH and ODHS moved the Franklin County Court of Common Pleas to dismiss Bayside's appeal for lack of subject matter jurisdiction. On July 14, 1993, the trial court issued a decision dismissing ODHS as an improper party to the appeal and transferring Bayside's appeal of the orders issued by ODH to the Erie County Court of Common Pleas. Bayside and ODH responded with motions for reconsideration. Following oral hearing, the referee, on October 27, 1993, issued a report recommending that Bayside's appeal of the ODHS order be dismissed on the grounds that ODHS's termination of Bayside's provider agreement was not an appealable order, and that the appeal of the ODH orders be dismissed for lack of subject matter jurisdiction.

On December 23, 1993, the trial court entered a "decision and entry" adopting the referee's recommendations. Bayside appeals, assigning the following errors:

"I. The trial court erred in determining that it had no jurisdiction over appellant's appeal of the Ohio Department of Health (ODH) termination of medicaid certification order on the ground that the order constituted the revocation of a 'license' (R.C. Section 119.01[B]) which could only be appealed in the appellant's home county (Erie County) under the first paragraph of R.C. Section 119.12.

"II. The trial court erred by dismissing appellant's appeal of ODH's order denying payment to appellant for medicaid eligible residents admitted to appellant's facility after November 2, 1992. The trial court also erred by dismissing appellant's appeal of ODH's order terminating certification, effective November 29, 1992, because R.C. Section 5111.60(D) required the court to assume jurisdiction over that appeal by virtue of the court having original jurisdiction over appellant's appeal of ODH's denial of payment order.

"III. The trial court erred in dismissing the Ohio Department of Human Services (ODHS) as a party on the ground that ODHS's 11/10/92 letter to appellant denying payment to appellant for newly admitted medicaid eligible residents, effective 11/2/92, and terminating appellant's medicaid provider agreement, effective 11/29/92, did not constitute an 'adjudication' within the meaning of R.C. Chapter 119.

"IV. The trial court erred in dismissing ODHS as a party on the ground that appellant's appeal of ODHS's 11/10/92 letter denying certain medicaid payments to appellant and terminating appellant's medicaid provider agreement was untimely filed with the trial court.

"V. The trial court erred in failing to determine that ODH was acting as the contracted agent of ODHS, pursuant to R.C. Sections 5111.37 and 5111.38, when

ODH issued its 1/27/93 adjudication order terminating appellant's medicaid certification and denying medicaid payments to appellant, and that, therefore, ODHS, as ODH's principal, was a' necessary and proper party in this case."

Because Bayside's first and second assignments of error both raise the issue of whether the trial court was correct in dismissing Bayside's appeal of ODH's orders, they will be addressed together.

█ R.C. 119.12 sets forth the proper court in which to bring an appeal from an adjudicatory order of an administrative agency:

"*Any party adversely affected by any order of an agency issued pursuant to an adjudication* denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or *revoking* or suspending *a license,* or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, *may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located* or the county in which the licensee is a resident * * *.

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *." (Emphasis added.)

Thus, under R.C. 119.12, an adjudicatory order revoking a "license" is to be appealed to "the court of common pleas of the county in which the place of business of the licensee is located," while any other adjudicatory order, not related to action on a license as specified in R.C. 119.12, is to be appealed to the Court of Common Pleas of Franklin County.

R.C. 119.01(B) defines the term "license" for purposes of R.C. Chapter 119 as "any license, permit, certificate, commission, or charter issued by any agency. 'License' does not include any arrangement whereby a person, institution, or entity furnishes medicaid services under a provider agreement with the department of human services pursuant to Title XIX of the 'Social Security Act' * * *."

"Certification" of a health care provider by ODH for compliance with federal medicaid requirements constitutes a "license" for purposes of R.C. 119.12; it is not an arrangement whereby a person, institution, or entity furnishes medicaid services under a provider agreement with ODHS. *In the Matter of Lebanon Health Care Ctr.* (Aug. 26, 1986), Franklin App. No. 86AP–168, unreported, 1986 WL 9517. Thus, ODH's order terminating Bayside's medicaid certification is an "order revoking a license," properly appealable to the Court of Common Pleas of Erie County pursuant to the first paragraph of R.C. 119.12.

█ ODH next asserts that because the order denying Bayside payment for newly admitted medicaid patients is dependent upon the principal order terminat-

ing Bayside's certification, the termination of certification order controls the appellate jurisdiction under R.C. 119.12.

ODH is correct that denial of payment ultimately would be the result of ODH's order terminating Bayside's medicaid certification. However, in this case, denial of payment was imposed by a separate order as an additional and independent remedy,[2] pursuant to a different statutory provision. Specifically, ODH wrote Bayside as follows:

"In accordance with section 5111.58 of the Ohio Revised Code (ORC), I am hereby issuing an order terminating the Title XIX (Medicaid) Nursing Facility (NF) certification for Bayside Nursing Center (Bayside), effective November 29, 1992. * * *

"*In accordance with section 5111.57 of the ORC, I am also issuing an order denying payment for any medicaid eligible resident admitted to Bayside on or after * * * November 2, 1992.*" (Emphasis added.)

Thus, under the circumstances of this case, ODH invoked a separate remedy in denying Bayside payment; its order denying payment is independently appealable for purposes of R.C. 119.12. Further, because the order denying Bayside payment falls under the second paragraph of R.C. 119.12, it is properly appealable to the Common Pleas Court of Franklin County, rather than to the Common Pleas Court of Erie County.

A literal application of R.C. 119.12 alone thus suggests that appeal of ODH's orders gives rise to two distinct appeals in two separate counties. See *Britton v. Ohio Veterinary Med. Bd.* (Sept. 11, 1990), Ross App. No. 1581, unreported, 1990 WL 138488. However, unlike circumstances addressed in R.C. 119.12 or *Britton,* the issue of subject matter jurisdiction in this case is complicated by R.C. 5111.60(D), which requires that when ODH imposes separate "remedies" as a result of a single certification survey, all "proceedings" regarding the several remedies imposed are to be consolidated in a single action. While the General Assembly in some instances has intended that provisions similar to R.C. 5111.60(D) apply only to administrative hearings or only to appeals to the courts of common pleas, it has in those instances specifically indicated such an intent by using the terms "hearing" and "appeal." See R.C. 5111.60(A) and (C). By using the term "proceedings" in R.C. 5111.60(D), the legislature apparently intended the provision to apply to both administrative hearings and subsequent appeals.

---

2. Pursuant to R.C. 5111.60(A)(1) and (A)(3), denial of payment orders issued under R.C. 5111.57 and termination of certification orders issued under R.C. 5111.58 constitute "remedies" for purposes of R.C. 5111.60(D).

We recognize that generally an agency order is appealable only in accordance with the provisions of R.C. 119.12, absent an indication that some other common pleas court is vested with ancillary jurisdiction. *Britton, supra.* Yet, R.C. 5111.60(D) specifies that proceedings regarding the separate remedies imposed be consolidated in a single action, not separately appealed. Where, as here, two statutory provisions apply to the circumstances of a case, we are required, as much as possible, to construe the two provisions so as to give effect to both. *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018, 1024–1025.

Under the foregoing parameters of statutory construction, we cannot conclude that R.C. 119.12 requires orders consolidated into a single action under R.C. 5111.60(D) to be separately appealed in two distinct counties, especially when, as here, they arise out of the same set of facts. Indeed, to so hold would promote an ineffective use of judicial resources and allow the possibility of inconsistent results, the very deficiencies R.C. 5111.60(D) is designed to eliminate.

Thus, we construe R.C. 5111.60(D), in conjunction with R.C. 119.12, to create ancillary jurisdiction under the circumstances of this case, so that the Erie County Court of Common Pleas, which has express jurisdiction over the termination of certification order, also has ancillary jurisdiction over the denial of payment order, and the Franklin County Court of Common Pleas, which has express jurisdiction over the denial of payment order, also has ancillary jurisdiction over the termination of certification order. See, *e.g., Consolo v. Fed. Maritime Comm.* (1966), 383 U.S. 607, 617, 86 S.Ct. 1018, 1025, 16 L.Ed.2d 131, 139. Thus, Bayside was presented with the choice of appealing the consolidated ODH orders to either the Erie County or Franklin County Court of Common Pleas, and chose Franklin County. The common pleas court erred in dismissing Bayside's appeal of ODH's orders for lack of subject matter jurisdiction. Bayside's first and second assignments of error are sustained.

In its third, fourth and fifth assignments of error, Bayside challenges the trial court's dismissal of its appeal from ODHS's termination of its provider agreement and the dismissal of ODHS as a party to the appeal.

Bayside argues that ODHS's letter of November 10, 1992, terminating its provider agreement constituted an "adjudication" subject to appeal to the Franklin County Court of Common Pleas under R.C. 119.12. "Adjudication" is defined for purposes of R.C. Chapter 119, in pertinent part, as follows:

" 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *."

Ordinarily, ODHS is required to terminate a provider agreement pursuant to an adjudication. Specifically, R.C. 5111.06(B)(1) provides as follows:

"Except as provided in division (D) of this section, the department shall do either of the following by issuing an order pursuant to an adjudication conducted in accordance with Chapter 119. of the Revised Code:

"(1) Enter into or refuse to enter into a provider agreement with a provider, or suspend, *terminate*, renew, or refuse to renew *an existing provider agreement with a provider*[.]" (Emphasis added.)

However, R.C. 5111.06(D)(1) exempts ODHS from compliance with the requirements of R.C. 5111.06(B)(1) when:

"The terms of a provider agreement require the provider to have a license, permit, or certificate issued by an official, board, commission, department, division, bureau, or other agency of state government other than the department of human services, and the license, permit, or certificate has been denied or revoked."

Because ODHS's termination of Bayside's provider agreement was in response to ODH's termination of Bayside's medicaid certification, ODHS was exempted by R.C. 5111.06(D)(1) from the requirement that it terminate Bayside's provider agreement by an adjudication.

The purpose of R.C. 5111.06(D)(1) is to avoid duplicative adjudicatory hearings and appeals. *Lebanon Health Care, supra.* When a facility's medicaid certification is terminated by ODH, the facility is entitled to an adjudicatory hearing and appeal from that order. See R.C. 119.06(B) and (C); R.C. 5111.58. Thus, where ODH has terminated a facility's medicaid certification, to require ODHS to terminate the facility's provider agreement pursuant to an adjudication would result in two hearings and two appeals on the same issues. Additionally, R.C. 5111.52(B)(2) expressly provides that:

" * * * When the department of health terminates certification, the department of human services *shall* terminate the facility's provider agreement. The department of human services is not required to provide an adjudication hearing when it terminates a provider agreement following termination of certification by the department of health." (Emphasis added.)

The language of R.C. 5111.52(B)(2) is mandatory. When ODH terminates a facility's medicaid certification, ODHS is required to terminate the facility's provider agreement. Where the termination of a provider agreement is mandated in a given situation by the Revised Code, such termination amounts to a mere ministerial act. *New London Hosp. of Ohio v. Creasy* (July 22, 1980), Franklin App. No. 80AP–208, unreported. Such a ministerial act provides no basis for an

appeal. *Koch v. Ohio Dept. of Natural Resources* (1990), 70 Ohio App.3d 612, 614, 591 N.E.2d 847, 847–848. Given the foregoing provisions, ODHS's termination of Bayside's provider agreement was not an appealable order.

Bayside nonetheless argues that at the least ODHS is a proper party to this case pursuant to R.C. 5111.37. R.C. 5111.37 vests enforcement authority under R.C. 5111.35 to 5111.62 in ODHS, but permits ODHS to contract with other agencies to carry out its enforcement authority; ODHS has contracted with ODH for that purpose. According to Bayside, ODH merely was acting as the agent of ODHS when it issued the orders terminating Bayside's certification and denying payment for newly admitted medicaid patients, making ODHS a proper party to Bayside's appeal as ODH's principal.

Bayside's argument is unpersuasive. Nothing in the statutory scheme suggests that ODH's actions were under the direction of ODHS. Rather, the relevant statutes specify that ODH issues the orders and adjudicates the hearings thereafter. ODHS simply reacts according to statute with the ministerial act of terminating the provider agreement; it is not even a party to the administrative proceedings. R.C. 5111.52 and R.C. 5111.60(E).

Having concluded that ODHS's termination of Bayside's provider agreement is not appealable as an "adjudication" and that ODHS is not otherwise a proper party to this appeal, we overrule Bayside's third, fourth and fifth assignments of error.

Having overruled Bayside's third, fourth and fifth assignments of error, but having sustained Bayside's first and second assignments of error, we affirm the judgment of the trial court insofar as it dismissed ODHS as a party and found ODHS had not issued an appealable order, but we reverse insofar as the trial court found it lacked jurisdiction of Bayside's appeal of the ODH decertification and denial of payment orders. Accordingly, this matter is remanded for further proceedings in accordance herewith.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

PETREE and CLOSE, JJ., concur.