OPINION
{¶ 1} Appellant, Total Office Products, Inc. ("Total Office" or "appellant"), appeals from the August 12, 2005 judgment of the Franklin County Court of Common Pleas, in which that court affirmed the August 4, 2004 order of appellee, Ohio Department of Administrative Services ("DAS" or "appellee") disapproving appellant's application for recertification as a minority business enterprise ("MBE").
 {¶ 2} The genesis of this appeal occurred on May 21, 2001, when Alfred Lunceford ("Lunceford"), who is the president and sole shareholder of Total Office, signed and submitted an application for Total Office to be recertified as an MBE. Section122.71(E)(1) of the Ohio Revised Code defines "minority business enterprise" as, "an individual, partnership, corporation, or joint venture of any kind that is owned and controlled by United States citizens, residents of Ohio, who are members of one of the following economically disadvantaged groups: Blacks, American Indians, Hispanics, and Orientals." "`Owned and controlled' means at least fifty-one percent of the business, including stock of a corporation, is owned by persons who belong to one or more of the groups listed above, and that such owners have control over the management and day to day operations of the business proportionate to their percentage of ownership." R.C.122.71(E)(2).
 {¶ 3} On the application, Lunceford indicated that Total Office is an Ohio corporation incorporated in 1990, and that it had been engaged in the business of selling office supplies and office furniture in the State of Ohio since January 3, 1990. Lunceford further described his race/ethnicity as "Black" and "Afro-American." Appellant's place of business is located in Warren, Trumbull County, Ohio.
 {¶ 4} DAS processed the application and conducted an on-site review. On July 11, 2001, DAS informed appellant that it intended to disapprove the application. However, DAS had apparently terminated appellant's MBE certification on or around June 30, 2001. Appellant requested a hearing, which a hearing officer held on February 15, 2002. On May 31, 2002, the hearing officer issued a report and recommendation in which he recommended that DAS deny the application. Appellant filed objections and, upon consideration of same, the Equal Employment Opportunity ("EEO") Coordinator issued an adjudication order dated August 15, 2002, in which he adopted the hearing officer's report and affirmed the decision to reject appellant's application for recertification as an MBE.
 {¶ 5} Appellant appealed to the Franklin County Court of Common Pleas. In a decision journalized May 30, 2003, the court found that, though the adjudication order was supported by reliable, probative and substantial evidence, it had to be reversed because DAS had failed to comply with the Administrative Procedure Act when it terminated appellant's certification prior to affording it the opportunity for a hearing.
 {¶ 6} DAS conducted another on-site review of Total Office in October 2003. By certified letter dated November 26, 2003, DAS informed appellant that it intended to disapprove its application for certification as a minority business enterprise "due to the applicant's failure to meet the requirements set out at Ohio Revised Code 122.71(E)(1), (E)(2), and Ohio Administrative Code (OAC) 123:2-15-01 et seq. DAS further explained, in pertinent part:
OAC 123:2-15-01(3) defines "CONTROL" as being by person who are members of one or more of the groups identified in paragraphs (A)(6) to (A)(9) . . . must have actual control of theday-to-day operations of the minority business enterprise. Among the factors that shall be considered by the State EEO Coordinator in evaluating the non-minority influence are:
(a) Has the non-minority person(s) employed the owner the applicant concern for any period of time during the three years prior to the date of application by the applicant for minority business enterprise status;
(b) Is the non-minority person(s) affiliated with another business in the same or similar type of business as the applicant concern;
(c) Does the non-minority person(s) exercise final authority over any aspect of the day-to-day operations;
(d) Does the non-minority person(s) control over the applicant concern directly or indirectly restrict the economic growth of the company;
(e) The relative compensation received by the non-minority person(s) as compensation for services as a consultant, director, officer or employee to the applicant concern."
The documentation indicates Total Office Products, Inc. and Boise Cascade Office Products share a "Lockbox" for the remittance of funds from government entities. As a result, Total Office Products, Inc. has not established control over the funds deposited in the "Lockbox."
OAC 123:2-15-01(5) "Control and Management" (a) Individuals who are not members of a group listed in paragraph (A) (6) to (A) (9) . . . . "Shall not exercise actual, ultimate control or have the authority to control any aspects of the day to day operations, finances or management decisions and management policies of the applicant business concern.
(Emphasis added.)
 {¶ 7} Appellant requested a hearing before the EEO coordinator. The hearing officer conducted a hearing on April 5, 2004. The parties submitted post-hearing briefs on or about May 5, 2004. On June 25, 2004, the hearing officer issued his report and recommendation, in which he found, inter alia, that appellant does not meet the requirement, found in Ohio Adm. Code123:2-15-01(A)(3), that the minority owner have actual control over the day-to-day operations of the enterprise. The hearing officer found that Lunceford "did little more than serve as a conduit to operation of the business concerns of Boise Cascade. Although the appellant did operate a business, all of the essential aspects of control of that business were controlled by Boise Cascade, including determination of the amount of funds to be paid to Total Office." (June 25, 2004 Report and Recommendation, at 17.) The hearing officer recommended that the EEO Coordinator deny appellant's application for recertification.
 {¶ 8} On July 9, 2004, appellant filed objections to the hearing officer's report and recommendation. On August 4, 2004, the EEO Coordinator issued an adjudication order adopting the hearing officer's report and denying the application for recertification. Appellant again appealed to the Franklin County Court of Common Pleas. On June 16, 2004, that court journalized a decision in which it rejected appellant's argument that the notice of intent to disapprove its application only gave proper notice as to the issue of the lockbox arrangement, but not as to any other issues surrounding control over day-to-day operations. The court further found that the adjudication order was supported by reliable, probative and substantial evidence and was not contrary to law. Accordingly, the court of common pleas affirmed the adjudication order.
 {¶ 9} Appellant appealed to this court and advances one assignment of error:
The trial court abused its discretion in finding that the Department of Administrative Services' adjudication order was supported by reliable and probative evidence.
 {¶ 10} Following the filing of merit briefs and oral argument, it came to this court's attention that the within appeal may have been erroneously filed in Franklin County rather than Trumbull County, the county in which appellant's place of business is located. We journalized an entry directing the parties to file supplemental briefs addressing the issue whether the Franklin County Court of Common Pleas possessed subject matter jurisdiction of the appeal.
 {¶ 11} The issue of subject matter jurisdiction cannot be waived. Hal Artz Lincoln-Mercury, Inc. v. Ohio Motor VehicleDealers Bd. (1997), 118 Ohio App.3d 501, 507, 693 N.E.2d 811. It is well-established that the issue of subject matter jurisdiction can be raised at any stage of the proceeding. In re Kerry Ford,Inc. (1995), 106 Ohio App.3d 643, 666 N.E.2d 1157. Moreover, a court may, sua sponte, address the issue of jurisdiction at any stage of the proceeding, including appeal. Fox v. Eaton Corp.
(1976), 48 Ohio St.2d 236, 238, 358 N.E.2d 536, overruled on other grounds, Manning v. Ohio State Library Bd. (1991),62 Ohio St.3d 24, 29, 577 N.E.2d 650. This is in keeping with a court's inherent power to vacate void judgments and orders. Reedv. Montgomery Cty. Bd. of MRDD (Apr. 27, 1995), 10th Dist. No. 94APE10-1490, citing Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 133 N.E.2d 606.
 {¶ 12} A court of common pleas has power to review proceedings of administrative agencies and officers only to the extent granted by law. Abt v. Ohio Expositions Comm. (1996),110 Ohio App.3d 696, 699, 675 N.E.2d 43, citing Section 4, Article IV, Ohio Constitution. The court of common pleas lacks jurisdiction to review actions of administrative agencies unless R.C. 119.12 or some other specific statutory authority grants it. Ibid.
 {¶ 13} Section 119.12 of the Ohio Revised Code sets forth the scope of administrative appeals and provides:
Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252
[4301.25.2] of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, except that appeals from decisions of the liquor control commission, the state medical board, state chiropractic board, and board of nursing shall be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.
Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.
 {¶ 14} By the plain language of the foregoing statute, there are four distinct situations in which a party who is adversely affected by an order of an agency issued pursuant to an adjudication may appeal to the court of common pleas in the county in which the party's place of business is located: (1) when the adjudication denies an applicant admission to an examination; (2) when the adjudication denies the issuance or renewal of a license or registration; (3) when the adjudication revokes or suspends a license; and (4) when the adjudication allows the payment of a forfeiture under R.C. 4301.252.[1]
When a party is adversely affected by an agency order issued pursuant to any other type of adjudication, the party may appeal to the Franklin County Court of Common Pleas. Though appellant argued in its merit brief that the EEO Coordinator is without authority to issue adjudication orders, in its supplemental brief it does not appear to dispute that the EEO Coordinator is an "agency" whose orders are subject to R.C. Chapter 119, including R.C. 119.12.
 {¶ 15} Pursuant to R.C. 119.01, "agency" means, inter alia, "* * * the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses." Under this statute an administrative agency can become subject to R.C. Chapter 119 either if a provision of the Ohio Revised Code specifically subjects it to that chapter, or if the agency is authorized to issue, suspend, revoke or cancel licenses.[2] Abt, supra, at 699, citing Plumbers Steamfitters Commt. v. Ohio CivilRights Comm. (1981), 66 Ohio St.2d 192, 20 O.O.3d 200,421 N.E.2d 128.
 {¶ 16} Section 123.151(B) of the Ohio Revised Code provides:
(1) The director of administrative services shall make rules in accordance with Chapter 119. of the Revised Code establishing procedures by which minority businesses may apply to the equal employment opportunity coordinator for certification as minority business enterprises.
(2) * * * The coordinator shall approve the application of any minority business enterprise that complies with the rules adopted under this division. Any person adversely affected by an orderof the coordinator denying certification as a minority businessenterprise may appeal as provided in Chapter 119 of the RevisedCode. The coordinator shall prepare and maintain a list of certified minority business enterprises.
(Emphasis added.)
 {¶ 17} Clearly, R.C. 123.151 makes the EEO Coordinator an "agency" specifically subject to the provisions of R.C. Chapter 119. Pursuant to the language of R.C. 119.12, an adjudicatory order revoking or denying renewal of a license is to be appealed to "the court of common pleas of the county in which the place of business of the licensee is located," whereas "any other adjudicatory order, not related to action on a license as specified in R.C. 119.12, is to be appealed to the court of common pleas of Franklin County." Bayside Nursing Ctr. v. OhioDept. of Health (1994), 96 Ohio App.3d 754, 759,645 N.E.2d 1314. The focus of our jurisdictional inquiry, then, is whether the EEO Coordinator's adjudication order concerns a license and is thus properly appealed to the Trumbull County Court of Common Pleas, or whether it does not concern a license and is thus "any other adjudicatory order" properly appealed to the Franklin County Court of Common Pleas.
 {¶ 18} Here, appellant argues that an MBE certificate is not a license, but if it is a license, then the EEO Coordinator's order, which advised appellant to file any appeal in Franklin County, was defective. Appellee concedes that its notice was incorrect and now asserts that an MBE certificate is a license and that, despite its instruction to appeal in Franklin County, appellant should have filed its appeal in Trumbull County.
 {¶ 19} "License" means "any license, permit, certificate,
commission, or charter issued by any agency." R.C. 119.01(B). (Emphasis added.) The EEO Coordinator's order concerns an MBE "certificate." Generally, "a license is permission granted by some competent authority to do an act which, without such permission, would be illegal. * * * A license is issued under the police power of the authority which grants it." State v. Hipp
(1882), 38 Ohio St. 199, 226. "The object of a license * * * is to confer a right that does not exist without a license." Id. at 227. Pursuant to R.C. 125.081(A), only businesses that have first obtained MBE certificates may participate in the competitive selection process for obtaining bids for the 15 percent of total DAS purchases that is set aside for competition only among minority-owned businesses. Without such certification, it would be illegal for a business to participate in any portion of that percentage of bidding set aside by R.C. 125.081(A).
 {¶ 20} "Certificate" appears within the definition of "license" in R.C. 119.01(B). Moreover, without an MBE certificate, the law prohibits a business from participating in competitive bidding for state contracts set aside for minority-owned businesses. For these reasons, we agree with appellee and conclude that an MBE certificate is a license within the meaning of R.C. 119.12. See, also, Home Savings Loan Assn.v. Boesch (1975), 41 Ohio St.2d 115, 118-119, 70 O.O.2d 204,322 N.E.2d 878 (concluding that the Superintendent of Banks performs a licensing function when he certifies that a building and loan association may commence doing business pursuant to R.C. 1151.03
because the statute uses the word "certify" and "certificate" is found in the definition of "license"; and, also, because without such a certification the building and loan association could not legally commence operations.)
 {¶ 21} Based upon our conclusion that an MBE certificate is a "license" under R.C. 119.12, we further conclude that the EEO Coordinator's adjudication order in the present case was an adjudication denying renewal of a license. Thus, any appeal from that adjudication is to be taken to the court of common pleas of the county in which appellant's place of business is located. R.C. 119.12. The parties agree that appellant's place of business is located in Trumbull County, Ohio. The provisions of R.C.119.12 relating to the time, place and manner of filing the notice of appeal are conditions precedent to jurisdiction.Williams v. Drabik (1996), 115 Ohio App.3d 295, 296,685 N.E.2d 293, citing Zier v. Bureau of Unemp. Comp. (1949),151 Ohio St. 123, 127, 84 N.E.2d 746. Thus, in this case, the Franklin County Court of Common Pleas did not have jurisdiction to review appellee's adjudicatory order, and that court should have dismissed this appeal.[3]
 {¶ 22} Accordingly, the judgment of the Franklin County Court of Common Pleas is vacated for lack of jurisdiction, and the cause is remanded to that court with instructions to dismiss appellant's appeal. Appellant's assignment of error is overruled as moot.
Judgment vacated; cause remanded with instructions.
French and Travis, JJ., concur.
[1] The exceptions to this four-category rule are adjudication orders issued by the Liquor Control Commission, the State Medical Board, the State Chiropractic Board, and the Board of Nursing, all of which must be appealed to the Franklin County Court of Common Pleas. R.C. 119.12.
[2] The third way in which agencies become subject to R.C. Chapter 119 is if the agency is specifically named in R.C.119.01. The EEO Coordinator is not specifically named therein, so this method does not apply here.
[3] In its supplemental brief appellant argues that if the Franklin County Court of Common Pleas lacks jurisdiction, then the 15-day period within which appellant must appeal has not yet begun to run because the adjudication order fails to comply with R.C. 119.09 in that it erroneously directed appellant to file its appeal in Franklin County. In its supplemental brief appellee argues that even if it erroneously directed appellant to file its appeal in Franklin County, the order still complies with R.C.119.09 because the order advised appellant that the provisions of R.C. 119.12 govern the appeal. Because the merits of any appeal in this case — including the timeliness of the appeal — are not properly before the courts of Franklin County, Ohio, these arguments are more properly made in any subsequent appeal that may be filed.