[Cite as *Karvo Cos., Inc. v. Dept. of Transp.*, 2019-Ohio-4556.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KARVO COMPANIES, INC.

      Appellee

      v.

OHIO DEPARTMENT OF
TRANSPORTATION

      Appellant

C.A. No.     29294

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-02-0664

DECISION AND JOURNAL ENTRY

Dated: November 6, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Ohio Department of Transportation, appeals from the order of the Summit County Common Pleas Court denying its motion to dismiss for lack of subject-matter jurisdiction. For the reasons set forth below, this Court affirms.

I.

{¶2} Karvo Companies, Inc. ("Karvo") is a paving company located in Summit County with its primary source of business being highway construction contracts with the Ohio Department of Transportation ("ODOT"). In 2017, Karvo was in possession of a certificate of qualification, which permitted it to submit bids to ODOT for construction contracts.

{¶3} On September 22, 2017, ODOT issued a letter to Karvo notifying it that its certificate of qualification was revoked, that Karvo was subject to a proposed debarment, and that Karvo could request a hearing on these issues. A hearing was held, wherein the hearing officer concurred with ODOT's initial decision. Karvo filed objections. On February 5, 2018,

the Director of ODOT overruled those objections and ordered that Karvo's certificate of qualification be revoked for six months, nine days, and that Karvo be debarred for a period of time served, with both periods being applied retroactively.

{¶4} Karvo filed an administrative appeal of the Director's Order in both Summit County and Franklin County. ODOT moved to dismiss the administrative appeal filed in Summit County for lack of subject-matter jurisdiction. The Summit County trial court denied the motion to dismiss and proceeded to reverse and remand the Director's February 5, 2018 Order on the merits. ODOT timely appeals the denial of the motion to dismiss.

II.

**ASSIGNMENT OF ERROR**

THE SUMMIT COUNTY COMMON PLEAS COURT ERRED IN CONSTRUING AND INTERPRETING R.C. 119.12 TO FIND IT HAD SUBJECT-MATTER JURISDICTION OVER KARVO'S ADMINISTRATIVE APPEAL.

{¶5} ODOT contends that the trial court incorrectly interpreted the statutory definition of license and applied the wrong section of R.C. 119.12 to determine that it had subject-matter jurisdiction over this administrative appeal. This Court disagrees.

{¶6} A motion to dismiss an administrative appeal for lack of subject-matter jurisdiction involves questions of law which this Court reviews de novo. *Apostolic Faith Assembly, Inc. v. Coventry Twp.*, 9th Dist. Summit No. 23938, 2008-Ohio-2820, ¶ 3, 5, quoting *Crosby-Edwards v. Ohio Bd. of Embalmers & Funeral Dirs.*, 175 Ohio App.3d 213, 2008-Ohio-762, ¶ 21 (10th Dist.). Similarly, a trial court's interpretation and application of a statute also presents questions of law and is reviewed de novo. *In re Adoption of K.E.M.*, 9th Dist. Summit No. 26307, 2012-Ohio-5652, ¶ 11, quoting *State v. Cruise*, 185 Ohio App.3d 230, 2009-Ohio-6795, ¶ 5 (9th Dist.).

{¶7}    Subject-matter jurisdiction is the statutory or constitutional power of a court to hear and decide the merits of a particular class of cases. *Groveport Madison Loc. Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11; *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19.    The Ohio Constitution provides a common pleas court with the authority to review proceedings of administrative officers and agencies as set forth in the law. *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996), quoting Article IV, Section 4(B), Ohio Constitution.    R.C. 119.12 and other specific statutes grant the common pleas court jurisdiction to review an administrative agency's actions. *Abt* at 699.

**Type of Adjudication**

{¶8}    In relevant part, R.C. 119.12 provides where an appeal of an administrative agency's action is to be filed:

> (A)(1) Except as provided in division (A)(2) or (3) of this section, any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident.
>
> * * *
>
> (B) Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin [C]ounty, * * *.

R.C. 119.12(A)(1) and (B).

{¶9}    "ODOT is a department with licensing authority." *Asphalt Specialist, Inc. v. Ohio Dept. of Transp.*, 53 Ohio App.3d 45, 47 (10th Dist.1988).    Only when ODOT performs a licensing function, such as "issuing, suspending, revoking, or canceling licenses[,]" is ODOT an

agency issuing an order pursuant to a license adjudication. *See* R.C. 119.01(A)(1), (B), (D); R.C. 119.12(A)(1). *See also Asphalt Specialist, Inc.* at 47.

{¶10} Both ODOT and Karvo agree that the Director's Order is an adjudication as defined by R.C. 119.01(D), but disagree as to the type of adjudication. ODOT contends that the Director's Order was of the nature of "any other adjudication" and subject-matter jurisdiction exists in Franklin County. *See* R.C. 119.12(B). Karvo argues that the Director's Order involved a license adjudication and thus, the county where its business is located, Summit, has subject-matter jurisdiction. *See* R.C. 119.12(A)(1).

*License*

{¶11} The first question in determining the nature of the adjudication issued by the Director of ODOT is whether the certificate of qualification is a license as defined by R.C. 119.01(B). The Administrative Procedure Act defines "'(l)icense'" as "any license, permit, certificate, commission, or charter issued by any agency." R.C. 119.01(B). "The object of a license is to confer a right that does not exist without a license. It is a permission to do something which without the license would not be allowed." *Bloomfield v. State*, 86 Ohio St. 253, 260 (1912). In the context of an Ohio Revised Code Chapter 119 appeal, the Ohio Supreme Court defined a "license" as "'permission granted by some competent authority to do an act which, without such permission, would be illegal.'" *Home S. & L. Assn. v. Boesch*, 41 Ohio St.2d 115, 118 (1975), quoting *State v. Hipp*, 38 Ohio St. 199 (1882), paragraph two of the syllabus. "[I]llegal" is generally defined as being "[f]orbidden by law; unlawful." *Black's Law Dictionary* 763 (8th Ed.2004). *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 24, fn. 1.

{¶12}   The Director's Order concerns a certificate of qualification.  ODOT concedes that R.C. 119.01(B) includes the word "certificate" in the definition of a license, but argues that a certificate of qualification is not a license because it does not confer the right "to operate a business or perform construction work."  ODOT contends that because Karvo is able to bid and complete non-ODOT projects without a license, the certificate of qualification issued by ODOT does not give Karvo a right to do a type of work.  ODOT also suggests that the certificate of qualification is not a license because there is no criminal penalty for bidding without a certificate.

{¶13}   As to ODOT's first argument, whether Karvo is able to do construction work on non-ODOT projects is irrelevant to whether ODOT's certificate of qualification is a license.  A "certificate of qualification shall authorize its holder to bid on all work on which bids are taken by the department of transportation during the period of time therein specified."  R.C. 5525.03.  "[T]he director of transportation shall not consider any bid filed with the director by any person who has not been qualified to bid[]" and "[n]o contract shall be awarded to any bidder not qualified to bid[.]"  R.C. 5525.08.  Any contracts that are "attempted to be awarded" to a non-qualified bidder are void.  R.C. 5525.02.  Based upon the statutes, the certificate of qualification confers a right and grants permission to do an act that would otherwise not be allowed.

{¶14}   As to ODOT's second argument, its attempt to equate the Supreme Court's use of the word "'illegal'" when defining license in *Boesch* with the requirement of a criminal penalty is misplaced.  *Boesch*, 41 Ohio St.2d at 118, quoting *Hipp*, 38 Ohio St. 199 at paragraph two of the syllabus.  ODOT discounts Karvo's reliance upon *Total Office Prods. v. Dept. of Adm. Servs.*, 10th Dist. Franklin No. 05AP-955, 2006-Ohio-3313, by latching onto the Tenth District's statement that "[w]ithout [an MBE] certification, it would be illegal for a business to participate

in any portion of that percentage of bidding setting aside by R.C. 125.081(A)." *Id.* at ¶ 19. ODOT extrapolates that "illegal" requires a criminal penalty because R.C. 125.081(F) provides a criminal penalty relative to an MBE certificate, whereas there is no criminal penalty relative to ODOT's certificate of qualification. ODOT's position is wholly unsupported by *Total Office Products* and R.C. 125.081(F).

{¶15} *Total Office Products* contained no reference to or analysis of the criminal penalty set forth in R.C. 125.081(F). *See id.* That criminal penalty only arises when someone misrepresents his status as an MBE in order to obtain the specially designated contracts. R.C. 125.081(F). R.C. 125.081(F), however, does not create a criminal penalty for participating in the competitive bidding without an MBE certificate. *See id.*

{¶16} R.C. 5525.09 is similar in that it prohibits an applicant for a certificate of qualification from knowingly making false statements about the applicant's financial worth and references a "conviction" based upon such conduct. *Id.* However, R.C. 5525.09 does not impose a criminal penalty for bidding without a certificate of qualification. *Id.* Accordingly, ODOT's argument is without merit.

{¶17} Based upon the foregoing, we conclude that ODOT's certificate of qualification is a license within the meaning of R.C. 119.01(B). *See generally Asphalt Specialist, Inc.*, 53 Ohio App.3d at 47 (analyzing a certificate of qualification as a license); *Total Office Prods.* at ¶ 19-20 (recognizing an MBE certificate as a license).

### *Revocation and Debarment*

{¶18} Having concluded that the certificate of qualification is a license, we must now examine whether the Director's Order revoking the certificate of qualification and debarring Karvo involves a licensing function.

{¶19} With respect to the revocation, ODOT's argument focused on the certificate of qualification not being a license. ODOT then separately argued that debarment only precludes the contractor from participating in future contracts with ODOT and thus is not a revocation, suspension, or denial. ODOT argues that revocation and debarment are two separate and independent adjudications. However, our review of Ohio Adm.Code 5501:2-3-09 and -10 and R.C. 5525.03 does not support ODOT's position as the terms "revocation" and "debarment" are repeatedly used in conjunction with one another.

{¶20} For instance, Ohio Adm.Code 5501:2-3-10, is titled "Revocation and debarment" and sets forth the circumstances that allow the director to "revoke a certificate of qualification and debar a certificate holder" and the procedures for "a revocation and debarment action," including sending "notice for revocation and debarment" to the certificate holder and the hearing process. *Id.* Similarly, R.C. 5525.03 provides that when the director has a reasonable belief that there are "grounds for revocation and debarment" then the director must provide the bidding company "notice of proposed revocation and debarment" and a hearing upon request. *Id.* Additionally, Ohio Adm.Code 5501:2-3-09(B) prohibits the prequalification board from reviewing "appeals for revocation of an application for qualification and the debarment of a contractor or an individual." *Id.*

{¶21} Based upon the plain language cited above, revocation and debarment contemplates a single proceeding with a single adjudication that exists in tandem. While there may be a revocation of a certificate without debarment, there cannot be a debarment without a revocation. *See* R.C. 5525.03. Nowhere in the rules or statutes is the director granted authority to issue only an order of debarment. *See* Ohio Admin.Code 5501:2-3 et seq.; R.C. 5525.01 et seq. Since revocation of the certificate of qualification is part and parcel to a debarment order, a

revocation and debarment adjudication falls under the licensing function of ODOT. Accordingly, ODOT's argument that a debarment adjudication does not involve a licensing function is not well-taken.

{¶22} Upon review of the language utilized in the Ohio Administrative Code and Ohio Revised Code, we conclude that a revocation and debarment order from the Director of ODOT regarding a certificate of qualification involves a licensing function under ODOT's licensing authority and is thereby a licensing adjudication. Accordingly, appeals from the director's order for revocation and debarment are to be filed in the common pleas court of the county in which the aggrieved party is a resident or has its place of business. *See* R.C. 119.12(A)(1).

{¶23} Karvo's business is located in Summit County. Therefore, the trial court did not err in determining that Summit County has subject-matter jurisdiction over this administrative appeal.

**ODOT's Alternative Argument**

{¶24} In the event we conclude that this matter involves a license adjudication subject to the home county rule in R.C. 119.12(A), ODOT alternatively contends that the Director's Order is not a final, appealable order and Summit County lacked subject-matter jurisdiction because the Director's Order notifying Karvo to file an appeal in Franklin County did not strictly comply with the procedural requirements of R.C. 119.09. ODOT argues that it did not waive this argument because subject-matter jurisdiction cannot be waived and it filed a motion to dismiss challenging Summit County's jurisdiction. Karvo responds that any "purported 'defect'" in the Director's Order was "forfeited" by ODOT. This Court agrees with Karvo.

{¶25} Relying upon *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, ODOT asserts that "[f]or an adjudication order to be final and appealable under R.C.

Chapter 119, the issuing agency must strictly comply with R.C. 119.09's procedural requirements[]" and "[u]ntil the agency mails an R.C. 119.09-compliant order, a reviewing court has no appellate jurisdiction." ODOT's interpretation of *Hughes* is faulty.

{¶26} *Hughes* held that the 15-day appeal period set forth in R.C. 119.12 does not commence until the administrative agency strictly complies with the R.C. 119.09 procedural requirements relative to serving the final adjudication order upon the affected party. *Id.* at ¶ 19. Contrary to ODOT's position, there is no language in *Hughes* reflecting that the failure to strictly comply with the R.C. 119.09 procedural requirements necessary to trigger the appeal period results in the agency's adjudication order being not final and appealable. Accordingly, ODOT's alternative argument that the Director's Order is not final and appealable because it identified the wrong method for perfecting the appeal is not well-taken.

{¶27} Further, *Hughes* did not state that the common pleas court lacked *subject-matter jurisdiction* because the agency's adjudication order was not R.C. 119.09-compliant. Instead, *Hughes* concluded that "[t]he common pleas court lack[ed] jurisdiction *over this administrative appeal* because a certified copy of the final order was never served on Hughes." (Emphasis added.) *Id.* at ¶ 18.

{¶28} In this matter, ODOT fails to appreciate the distinction between subject-matter jurisdiction and "'"[t]he third category of jurisdiction [i.e., jurisdiction over the particular case] * * *."'" (Alterations sic.) *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting), quoting *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). The Ohio Supreme Court has consistently recognized that "'[t]here is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred

upon it.'" *Ohio High School Athletic Assn. v. Ruehlman*, Slip Opinion No. 2019-Ohio-2845, ¶ 11, quoting *Pratts* at ¶ 10.

**{¶29}** As discussed above, "[s]ubject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, at ¶ 19. A decision by a court without subject-matter jurisdiction is void, and thus subject-matter jurisdiction can never be waived and may be raised at any time. *Pratts* at ¶ 11.

**{¶30}** On the other hand, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19, citing *Pratts* at ¶ 12. The improper exercise of jurisdiction over a particular case renders a judgment voidable. *Pratts* at ¶ 12, quoting *Parker* at ¶ 22 (Cook, J., dissenting), quoting *Swiger* at 462. "[T]his Court [has] recognized that 'alleged errors in the trial court's exercise of its jurisdiction may be forfeited if not timely raised[.]'"[1] *In re T.D.*, 9th Dist. Wayne No. 16AP0035, 2018-Ohio-204, ¶ 6, quoting *Morris v. Mottern*, 9th Dist. Medina No. 14CA0043-M, 2015-Ohio-4523, ¶ 24.

**{¶31}** We have already concluded that Summit County has subject-matter jurisdiction over this administrative appeal. Thus, ODOT's alternative argument regarding compliance with the procedural requirements of R.C. 119.09 is a challenge to the exercise of jurisdiction over this particular case in the Summit County Common Pleas Court. Because we conclude that ODOT's alternative argument does not implicate subject-matter jurisdiction or the final and appealable nature of the adjudication order, ODOT cannot avail itself of the non-waiver rule. Instead,

---

[1] A waiver occurs where a party affirmatively relinquishes or abandons a right, whereas a forfeiture occurs where a party fails to preserve an objection before the trial court in a timely fashion. *See e.g. State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. Only in the instance of a forfeiture is plain error available. *See e.g. id.*

ODOT's argument regarding the procedural irregularities associated with R.C. 119.09 is subject to forfeiture if it was not timely raised to the lower court. *See Civ. Serv. Personnel Assn., Inc. v. State of Ohio, State Emp. Relations Bd.*, 9th Dist. Summit No. 13035, 1987 WL 16983, *2 (Sept. 16, 1987) (refused to consider argument regarding R.C. 119.09 compliance that was raised for the first time to this Court). Accordingly, ODOT's arguments regarding non-waiver are misplaced.

{¶32} ODOT filed a motion to dismiss for lack of subject-matter jurisdiction which challenged the county in which the administrative appeal was filed. ODOT did not assert a jurisdictional objection based upon its failure to comply with the R.C. 119.09 procedural requirements.[2] Instead, ODOT is asserting for the first time on appeal that the Director's Order failed to strictly comply with the procedural requirements of R.C. 119.09. Accordingly, ODOT failed to preserve this error with the lower court and thus has forfeited all but plain error. *See Rickett v. Ohio Real Estate Appraiser Bd.*, 10th Dist. Franklin No. 07AP-667, 2008-Ohio-3169, ¶ 15-16 (board precluded from raising for the first time to the Tenth District the issue of its deficiency in the certification process); *Strausbaugh v. Ohio Dept. of Commerce, Div. of Real Estate and Professional Licensing*, 10th Dist. Franklin No. 07AP-870, 2008-Ohio-2456, ¶ 8-9 (agency held to have forfeited argument that it failed to comply with R.C. 119.09 procedural requirements). *See also Civ. Serv. Personnel Assn., Inc.* at *2. *See generally Payne* at ¶ 23. ODOT has failed to present a plain error argument and we decline to construct a plain error argument on its behalf. *See Conti v. Spitzer Auto World Amherst, Inc.*, 9th Dist. Lorain No.

---

[2] Contrary to ODOT's position, its motion to dismiss for lack of subject-matter jurisdiction does not serve as a blanket objection for other jurisdictional grounds not argued. Instead, ODOT was required to specifically raise the jurisdictional issue of compliance with R.C. 119.09 to the lower court.

07CA009121, 2008-Ohio-1320, ¶ 8. ODOT's alternative jurisdictional argument is not well-taken.

{¶33} ODOT's assignment of error is overruled.

III.

{¶34} The Ohio Department of Transportation's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
<u>CONCURS.</u>

HENSAL, J.
<u>DISSENTING.</u>

{¶35} I respectfully dissent because I do not agree with the majority's conclusion that a certificate of qualification is a license for purposes of Revised Code Section 119.12(A)(1). I would hold that it is not and, accordingly, that the trial court erred by denying ODOT's motion to dismiss for lack of subject-matter jurisdiction.

<u>APPEARANCES:</u>

DAVE YOST, Attorney General, and WILLIAM J. COLE, L. MARTIN CORDERO, and ERIC M. HOPKINS, Assistant Attorneys General, for Appellant.

ANDREW J. NATALE, O. JUDSON SCHEAF, III, JEFFREY A. YEAGER, and ELISÉ K. YARNELL, Attorneys at Law, for Appellee.