In re Petition of Martins Ferry Metropolitan Housing Authority to Enlarge Territorial Limits.

(No. 1013—Decided May 25, 1965.)

*Messrs. Jones & Hawkins* and *Mr. Victor J. Kehrer,* for appellant, Paul R. Guzik.

*Mr. Albert C. Joseph* and *Mr. Charles F. Knapp,* for the Martins Ferry Metropolitan Housing Authority.

*Mr. William B. Saxbe,* attorney general, *Mr. Clark G. Redick* and *Mr. William Bodah,* for State Board of Housing.

LYNCH, J. This is an appeal from a decision of the State Board of Housing granting an extension of the territorial limits of the Martins Ferry Metropolitan Housing Authority to include certain sections of Pease Township. Appellant is an owner of real estate located within the area of Pease Township affected by this order, and he is objecting to this order.

The Martins Ferry Metropolitan Housing Authority petitioned the State Board of Housing to enlarge its territorial limits under the provisions of Section 3735.27, Revised Code, and the State Board of Housing considered this petition at its meetings on May 7, 1963, August 1, 1963, November 14, 1963, and April 10, 1964. At the May 7, 1963, meeting both sides were present and presented their views on this petition. Appellant, along with others, appeared in opposition to the petition.

At its August 1, 1963, meeting the State Board of Housing voted to reject the petition due to lack of evidence of requirements set forth in Section 3735.27, Revised Code.

At the November 14, 1963, meeting both sides again were present, and appellant again appeared in opposition to the petition. The State Board of Housing decided to stand by its original decision to deny the petition.

At the April 10, 1964, meeting, the State Board of Housing voted to reconsider its original decision to deny the petition, and it then voted to grant the extension of the territorial limits of the Martins Ferry Metropolitan Housing Authority as requested in the petition. Neither side was apparently present at this meeting; however, Mr. Hall, one of the members of the State Board of Housing, had visited Martins Ferry and was quite concerned about the effect on the city of Martins Ferry of the prior actions of the State Board of Housing in denying this petition.

On December 8, 1964, appellant filed his notice of appeal to this court.

This cause came on to be heard upon four motions. The first motion is by the Martins Ferry Metropolitan Housing Authority to dismiss the appeal for the reason that the appeal was not filed in time as provided by Section 3735.22, Revised Code, the pertinent parts of which are as follows:

"Any person directly affected and aggrieved by any order or decision of the State Board of Housing may appeal, within twenty days after the rendering of such order or decision, to the Court of Appeals of the county in which the premises to which the order or decision relates are situated, for the purpose of having the reasonableness and lawfulness of the order or decision inquired into and determined. * * *.

"* * *

"Any party directly affected by any order or decision of the board who fails to file an appeal as provided in this section to such order or decision assents thereto."

Appellant contends that no notice of the April 10, 1964, decision of the State Board of Housing was ever given to him; that this decision was not publicized; that he only learned of this decision by rumor on May 5, 1964; and that a denial of his appeal would amount to denying him his day in court and thus denying him due process of law.

Appellant further contends that the State Board of Housing is subject to the Administrative Procedure Act, and thus he was

entitled to notice of the decision of the State Board of Housing, under Section 119.09, Revised Code.

Under Section 119.01 (A), Revised Code, there are three ways in which a state board may be subjected to the Administrative Procedure Act, namely:

1. Certain boards are specifically named.

2. The legislation concerning a board specifically subjects such board to this act.

3. A board which has authority to issue, suspend, remove or cancel licenses.

We hold that the State Board of Housing does not come under any of these categories and, therefore, is not subject to the Administrative Procedure Act.

There is no statutory requirement for the State Board of Housing to notify appellant either about the April 10, 1964, meeting or the decision made at that meeting. However, appellant contends that the lack of notice to him of this meeting and of the decision made at this meeting deprived him of his constitutional rights guaranteed under Section 1 of the Fourteenth Amendment of the United State Constitution and Section 16, Article I of the Ohio Constitution, because he was denied due process of law.

In order to determine whether appellant has been denied due process of law under the circumstances of this case, we have to decide the type of power being exercised at the administrative hearing and the resultant decision of the State Board of Housing.

A distinction is made between a board's decision having general application to relatively large numbers of people and one affecting a limited number of individuals. When a board's decision has a general application to large numbers of people, it is treated as "legislative." *Bi-Metallic Investment Co.* v. *State Board of Equalization of Colorado,* 239 U. S. 441, 60 L. Ed. 372, 36 S. Ct. 141; 1 Davis, Administrative Law Treatise 421, Section 7.04.

In *Zimmerman* v. *Canfield,* 42 Ohio St. 463, at 471, which was decided in 1885, a board decision affecting a large number of people was designated as "political."

We feel that the word, "legislative," is more descriptive

of this type of decision than "political," and we will use the word, "legislative," to describe this type of board decision.

1 American Jurisprudence 2d 891, Administrative Law, Section 93, makes the following distinction as to what constitutes the exercise of legislative power by an administrative board:

"Legislative power is distinguished from judicial power, or legislation from adjudication, in that basically or usually it operates in the future, rather than on past transactions and circumstances, and generally, rather than particularly. Apart from these elements, action of a particular agency may be deemed legislative in the sense that it is acting for and in completion of the work of the legislature."

In this case, the decision of the State Board of Housing extended the territorial limits of the Martins Ferry Housing Authority to include a considerable area. This decision affected real estate owned by many people, including appellant. It clearly is a general decision applying to a relatively large number of people, rather than an adjudication specifically directed at the real estate of appellant.

Appellant claims that the purpose of the petition of the Martins Ferry Metropolitan Housing Authority to the State Board of Housing was to enable it to appropriate his land, but the decision of the State Board of Housing makes no specific reference to appellant's real estate, and on the face of it the decision has uniform application to all within the affected territory.

Moreover, a decision changing the boundaries of a political subdivision such as the Martins Ferry Metropolitan Housing Authority is by its very nature a "political" or "legislative" decision rather than a "judicial" decision.

We, therefore, hold that the April 10, 1964, decision of the State Board of Housing in this case was legislative rather than judicial.

A review of the legal authorities reveals that, where it is not required by statute, an administrative board exercising legislative power in making a decision is not required by due process to give notice to affected individuals either as to its meeting or as to its decision.

The case of *Zimmerman* v. *Canfield,* 42 Ohio St. 463, was a suit where county commissioners under statutory authority determined the necessity of appropriating lands for a ditch as necessary and conducive to public welfare without giving notice to plaintiff, an owner of affected real estate. The court held that this was an exercise of political rather than judicial powers and that there was no right to notice to the owners of land crossed by the ditch.

In *Bragg* v. *Weaver,* 251 U. S. 57, 64 L. Ed. 135, 40 S. Ct. 62, an owner sought to enjoin the taking of his land for a public use without a hearing. The unanimous Supreme Court held that:

"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment. * * *

"But it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard. * * *."

The case of *Bi-Metallic Investment Co.* v. *State Board of Equalization of Colorado,* 239 U. S. 441, 60 L. Ed. 371, 36 S. Ct. 141, was a suit to enjoin state officers from increasing the valuation of all taxable property in Denver forty per cent, without giving the plaintiff, an owner of real estate, an opportunity to be heard. In an unanimous opinion by Mr. Justice Holmes, the court held that a hearing was unnecessary, and stated:

"Where a rule of conduct applies to more than a few people it is impracticable that every one should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. * * *."

As to giving notice of a decision of an administrative body, 73 Corpus Juris Secundum 482, Public Administrative Bodies and Procedure, Section 149, states:

"In general, where it is not required by statute, an administrative body is not required to give notice to the parties of the

disposition of a proceeding, the litigants being under a duty themselves to watch the progress of their case." *American Fruit Growers* v. *Lewis D. Goldstein Fruit & Produce Corp.*, 78 F. Supp. 309.

In *Hess Oil & Chemical Corp.* v. *Doremus Sport Club*, 80 N. J. Super. 393, 193 A. 2d 868, there was an appeal from a determination of a Board of Alcoholic Beverage Control granting a transfer of a retail alcoholic beverage consumption license. The statute gave aggrieved third parties the right to appeal within thirty days. An appeal by an aggrieved third party was made thirty-nine days after such determination. The court dismissed the appeal, even though plaintiff had received no notice of the board's decision, and stated:

"* * * Objections to transfers of liquor establishments are often quite numerous. The Legislature has chosen to require each individual objector to keep himself informed of a local board's decisional process rather than burden the local board with taking names and addresses, and later notifying the potentially large number of interested persons. There is no statutory requirement that a local board notify objectors of its decision to grant a place-to-place transfer. * * *"

We, therefore, hold that there is no statutory requirement for the State Board of Housing to notify appellant either about the April 10, 1964, meeting or the decision made at that meeting, and that it is not required by the constitutional provisions on due process to do so.

Appellant further contends that two other objectors filed a motion with the State Board of Housing on May 22, 1964, for reconsideration of its decision; that this motion has not been acted upon and is still pending; and that this tolls the running of the time for all parties until the motion is acted upon under Section 2505.07, Revised Code.

We hold that Section 2505.07, Revised Code, applies to a court rather than an administrative board and is inapplicable to this case. There is no statute requiring the State Board of Housing to reconsider its decision.

Appellant filed his notice of appeal in this case almost eight months after the decision of the State Board of Housing. Since he did not comply with the mandatory requirements of Section 3735.22 to file his notice of appeal within twenty days after the

rendition of this decision, this court has no jurisdiction to hear this appeal. *Zephyr Room, Inc., v. Bowers, Tax Commr.,* 164 Ohio St. 287; *Zier v. Bureau of Unemployment Compensation,* 151 Ohio St. 123.

Since this motion disposes of this case, it is unnecessary to discuss the remaining motions before this court.

The motion by the Martins Ferry Metropolitan Housing Authority to dismiss this appeal is sustained.

*Motion sustained.*

JOHNSON, P. J., and JONES, J., concur.