Asphalt Specialist, Inc., Appellant, *v.* Ohio Department of Transportation, Appellee.

(No. 87AP-914—Decided
September 13, 1988.)

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Anthony J. Garofoli* and *Robert R. Lucarelli,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Ronald H. Snyder,* for appellee.

BOWMAN, J. This controversy arose when, pursuant to R.C. 5525.17, the Director of the Ohio Department of Transportation ("ODOT") relieved appellant, Asphalt Specialist, Inc., from control and supervision of a highway repair project for failing to correct deficient work. R.C. 5525.17 provides in pertinent part:

"If a contractor has not commenced his work within a reasonable time, or does not carry the same forward with reasonable progress, or is improperly performing his work, or has abandoned, or fails or refuses to complete a contract * * *, the director of transportation shall make a finding to that effect and so notify the contractor in writing, and the rights of the contractor to control and supervise the work shall immediately cease. * * *"

Contesting the director's decision, appellant filed an administrative appeal pursuant to R.C. Chapter 119. The Franklin County Court of Common Pleas dismissed the appeal for lack of jurisdiction over the subject matter of the action. Appellant now brings the matter before this court on the following assignment of error:

"The court below erred in dismissing appellant's administrative appeal for want of jurisdiction in that the default determination rendered by the director of the Ohio Department of Transportation against appellant is appealable under the Ohio Administrative Procedure Act, and to hold otherwise would deprive appellant of its constitutionally protected property interest without due process of law and would constitute an impermissible delegation of discretion to the director of the Ohio Department of Transportation in violation of both the Federal and Ohio Constitutions."

The narrow issue presented by this appeal is whether a decision, by the Director of ODOT, to remove the contractor from a job is subject to the Administrative Procedure Act, R.C. Chapter 119. A court of common pleas has the power to review proceedings of administrative officers and agencies only when granted by law. Section 4, Article IV of the Ohio Constitution. Thus, "* * * in the absence of constitutional or statutory authority, there is no inherent right to appeal from the order of an administrative agency. * * *" *Perry Twp. Bd. of Trustees* v. *Franklin Cty. Bd. of Zoning Appeals* (1983), 10 Ohio App. 3d 103, 104, 10 OBR 126, 128, 460 N.E. 2d 698, 699.

The court of common pleas does not have jurisdiction unless it is granted by R.C. 119.12, which sets forth the scope of administrative appeals. R.C. 119.12 states in pertinent part:

"Any party adversely affected by any *order of an agency* issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *." (Emphasis added.)

The key words in R.C. 119.12 are "agency," "adjudication" and "order." R.C. 119.01(A) defines "agency." Ohio courts have interpreted the statute to say that there are three ways to define "agency" for the purposes of the Administrative Procedure Act: (1) boards specifically named; (2)

the functions of any administrative or executive officer, department, division, or commission specifically made subject to sections 119.01 to 119.13 of the Revised Code; and (3) administrative agencies with the authority to issue, revoke, suspend, or cancel licenses. See *Plumbers & Steamfitters Commt.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 192, 20 O.O. 3d 200, 421 N.E. 2d 128 (holding that the commission is not subject to the Act); *Augustine* v. *Ohio Dept. of Rehab. & Corr.* (1981), 3 Ohio App. 3d 398, 3 OBR 464, 445 N.E. 2d 706 (holding that the Department of Rehabilitation and Correction is not subject to the Act); *Fair* v. *School Employees Retirement System* (1975), 44 Ohio App. 2d 115, 73 O.O. 2d 101, 335 N.E. 2d 868 (holding that School Employees Retirement Board is not subject to the Act); *In re Martins Ferry Metro. Housing Auth.* (1965), 2 Ohio App. 2d 237, 31 O.O. 2d 365, 207 N.E. 2d 672 (holding that the State Board of Housing is not subject to the Act). However, none of these cases dealt with ODOT or even an agency with licensing authority. Regarding agencies with licensing authority, R.C. 119.01(A) states:

" 'Agency' means * * * the *licensing functions* of any administrative or executive officer, *department,* division, bureau, board, or commission of the government of the state *having the authority* or responsibility of issuing, suspending, revoking, or canceling licenses. * * *" (Emphasis added.)

Thus, it is specifically the licensing functions of any department having the authority of issuing, suspending, revoking or canceling licenses which fall within the definition of an "agency."

R.C. 119.01(B) defines the term "license" as including "* * * any * * * certificate * * * issued by any agency. * * *" ODOT is a department with

licensing authority. In order to bid on ODOT contracts, a contractor, pursuant to R.C. 5525.03, must receive a certificate of qualification from the director. The certification, by the terms of the statute, can be revoked only after notice to the contractor and a hearing. R.C. 5525.03 and 5525.07.

While ODOT does have licensing authority, not all of its decisions involve a licensing function. The decision at issue did not involve a licensing function. The decision was to hold the contractor in default on the contract. It was unrelated to the certification process. Since ODOT was not performing a licensing function, it does not fall within the definition of "agency," and its decision was not an adjudication. "Adjudication" is defined in R.C. 119.01(D):

" 'Adjudication' means the determination by the highest or ultimate authority *of an agency* * * *." (Emphasis added.)

Therefore, the decision to hold the contractor in default was not made by an "agency" nor was it an "adjudication." As a result, the decision is not subject to the Administrative Procedure Act.

Appellant has made the argument that it would be deprived of a constitutionally protected property interest without due process of law if the director's decision at issue is found to be not appealable under the Administrative Procedure Act. The property interest identified by appellant is its continued certification with ODOT.

Appellant's argument is premature. The action taken by ODOT was pursuant to its statutory remedy for protecting its contract rights. ODOT has not attempted to revoke the certification that will allow appellant to bid on future contracts. If, in the future, that certification is revoked, the statutes provide for a hearing and appeal.

For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BROGAN, JJ., concur.

JAMES A. BROGAN, J., of the Second Appellate District, sitting by assignment.