[Cite as *Save Ohio Parks v. Oil & Gas Land Mgt. Comm.*, 2025-Ohio-847.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Save Ohio Parks et al., | : | |
| Appellants-Appellants, | : | No. 24AP-206 |
| | | (C.P.C. No. 23CV-8540) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Oil & Gas Land Management Commission, | : | |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 13, 2025

**On brief:** *Earthjustice, Megan M. Hunter, James Yskamp, Claire Taigman, Chris Tavenor,* and *Nathan Johnson,* for appellants Save Ohio Parks, Backcountry Hunters & Anglers, Buckeye Environmental Council, and Ohio Environmental Council. **Argued:** *Megan M. Hunter.*

**On brief:** *Dave Yost,* Attorney General, *Thomas J. Puckett,* and *Daniel Martin,* for appellee. **Argued:** *Daniel Martin.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Appellants, Save Ohio Parks, Backcountry Hunters & Anglers, Buckeye Environmental Council, and Ohio Environmental Council ("appellants") appeal from a decision of the Franklin County Court of Common Pleas granting the motion to dismiss filed by appellee, Oil & Gas Land Management Commission (the "Commission") pursuant to Civ.R. 12(B)(1). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellants filed an appeal in the Franklin County Court of Common Pleas on November 30, 2023, seeking to challenge certain decisions of the Commission made pursuant to R.C. 155.33, to approve nine nominations of land owned or controlled by a state agency for the purpose of subjecting those lands to bidding for leasing to explore, develop and/or produce oil and natural gas resources. (*See generally* Cert. Rec., Index #12, Notice of Appeal.) Appellants claimed they should have been provided with an administrative appeal pursuant to R.C. Ch. 119 but were not. *Id.*

{¶ 3} On December 29, 2023, the Commission filed a motion to dismiss for lack of jurisdiction pursuant to Civ.R. 12(B)(1), asserting that R.C. Ch. 119 does not provide for a right to appeal the decisions made by the Commission approving the nominations of land.

{¶ 4} On February 23, 2023, the trial court issued its decision and entry granting the motion to dismiss filed by the [Commission] on December 29, 2023 and dismissing appellants' appeal. (Feb. 23, 2023 Decision & Entry.)

{¶ 5} This timely appeal to this court followed and is now before us.

## II. Assignments of Error

{¶ 6} Appellants assert the following assignments of error for our review:

> [1.] The Trial Court erred when it found that the Oil and Gas Land Management Commission's approval of Nomination Nos. 23-DNR-0001, 23-DNR-0002, 23-DNR-0003, 23-DNR-0004, 23-DNR-0005, 23-DNR-0006, and 23-DNR-0007 was not subject to appeal under R.C. 119.12 because these approvals were adjudicatory orders of a state agency performing a licensing function, providing subject matter jurisdiction to the Franklin County Court of Common Pleas to adjudicate the appeal pursuant to R.C. 119.12.
>
> [2.] The Trial Court erred when it found the Appellants lacked standing because the Commission's decision to approve the leasing of Salt Fork State Park and two state wildlife areas

without offering a hearing and without considering the mandatory decisional statutory factors has procedurally harmed Appellants and their members, and the Commission's leasing approvals threaten Appellants' members with concrete and particularized harms from the imminent oil and gas development of these state lands.

[3.] In the alternative, the Trial Court erred when it proceeded to decide the issue of whether Appellants had standing *after* the Trial Court had already determined it lacked subject matter jurisdiction over this matter.

## III. Law and Analysis

### A. Standard of Review

{¶ 7} When reviewing a judgment on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, a de novo standard of review is employed. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.); *Foreman v. Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

{¶ 8} Civ.R. 12(B)(1) requires dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. "Subject-matter jurisdiction involves ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Moore v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-767, ¶ 4 (10th Dist.), quoting *Robinson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-713, ¶ 5 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 9} A court presented with a motion to dismiss for lack of subject-matter jurisdiction must determine whether the complaint states any cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989); *PNC Bank, Natl. Assn. v. Botts*, 2012-Ohio-5383, ¶ 21 (10th Dist.). Subject-matter jurisdiction is "a condition precedent to the court's ability to hear the case. If a court acts without

jurisdiction, then any proclamation by that court is void." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11; *State ex rel. Ohio Democratic Party v. Blackwell*, 2006-Ohio-5202, ¶ 8. In deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint. *Brown v. Ohio Tax Commr.*, 2012-Ohio-5768, ¶ 14 (10th Dist.), citing *Cerrone v. Univ. of Toledo*, 2012-Ohio-953, ¶ 5 (10th Dist.), citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, (1976), paragraph one of the syllabus.

### B. First Assignment of Error

{¶ 10} In their first assignment of error, appellants contend that the trial court erred when it found that the Oil & Gas Land Management Commission's approval of the seven nominations delineated above was not subject to appeal under R.C. 119.12 because these approvals were adjudicatory orders of a state agency performing a licensing function, bringing the matter within the ambit of R.C. 119 for purposes of subject-matter jurisdiction. This contention has no merit.

{¶ 11} In the administrative appeals context, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-2742, ¶ 9 (10th Dist.), quoting Ohio Const., article IV, § 4. *See also Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001) ("The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute."). Thus, jurisdiction over an administrative appeal is improper "unless granted by R.C. 119.12 or other specific statutory authority." *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist. 1996). To determine whether R.C. 119.12 or other statutory authority does or does not grant the common pleas court

jurisdiction over an appeal, the reviewing court must look to the language of the statutes involved to determine legislative intent. *Ikemefuna Nkanginieme v. Ohio Dept. of Medicaid*, 2015-Ohio-656, ¶ 16 (10th Dist.).

{¶ 12} Generally, "R.C. 119.12 only allows appeals of orders issued pursuant to an adjudication." *Estep v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-82, ¶ 15 (10th Dist.); *accord, Columbus S. Power Co. v. Ohio Dept. of Transp.*, 1994 Ohio App. LEXIS 860, *6 (10th Dist. Mar. 1, 1994), citing *Brown v. Ohio Dept. of Transp.*, 83 Ohio App.3d 879 (10th Dist. 1992). R.C. 119.12(A) states: "Any party adversely affected by any order of an agency issued pursuant to an adjudication may appeal from the order of the agency to the court of common pleas of the county designated in division (B) of this section." Further, R.C. 119.12(B) "permits a party adversely affected by an agency order 'issued pursuant to [any other] adjudication' to appeal to the Franklin County Court of Common Pleas." *Cozad v. Ohio Elections Comm.*, 2023-Ohio-839, ¶ 10 (10th Dist.), quoting R.C. 119.12(B). R.C. 119.01(D) defines "[a]djudication" to mean "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." An adjudication is an act which "is quasi-judicial in nature, involving notice, hearing, the opportunity to introduce testimony through witnesses, and a finding or decision made in accordance with statutory authority." *Columbus S. Power Co.*, citing *Brown* at 882.

{¶ 13} In *Brown*, this court was faced with the question of whether the owners of a motel had the right to rely upon R.C. 119.12 to challenge an order issued pursuant to R.C. 5515.02 by the Director of the Ohio Department of Transportation ("ODOT") which required the owners to remove certain obstructions—including a swimming pool, parking

lot, landscaping, flag pole, motel sign and light pole—from a right-of-way owned by ODOT. In analyzing the specific question before us at the time, we stated:

> An agency action does not qualify for an appeal pursuant to [R.C. 119.12] unless: (1) the agency is specifically named in R.C. 119.01(A); (2) the agency action involves licensing functions of the agency; or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12.

*Brown* at 881, citing *Plumbers & Steamfitters Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192 (1981); *Asphalt Specialist, Inc. v. Ohio Dept. of Transp.*, 53 Ohio App.3d 45 (1988); *Augustine v. Ohio Dept. of Rehab. & Corr.*, 3 Ohio App.3d 398, 399 (10th Dist. 1981); *Fair v. School Emp. Retirement Sys.*, 44 Ohio App.2d 115, 117 (10th Dist. 1975); *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.*, 78 Ohio App.3d 289, 293-294 (10th Dist. 1992).

{¶ 14} The appellants in *Brown* argued that because R.C. 5515.02 references the licensing authority granted to the Director of ODOT by R.C. 5515.01, all orders of removal of obstructions made pursuant to R.C. 5515.02 are subject to R.C. 119.12 appeals. In rejecting this argument, we observed that while "R.C. 119.12 allows a party affected by any order of an agency, issued pursuant to an adjudication ' * * * denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license,' to appeal the order of the agency to the common pleas court[,]" in the *Brown* case, "no license was ever applied for nor is there evidence of any license revocation or suspension." *Brown* at 882, quoting R.C. 119.12. We concluded that "[w]hile the agency's action of denying a license would be subject to an R.C. 119.12 appeal, this does not subject all agency actions to R.C. Chapter 119." *Id.*

{¶ 15} Subsequent to our decision in *Brown*, we had another opportunity to analyze whether an appeal pursuant to R.C. 119.12 was available based upon the

ostensible "licensing functions" of an agency.  In *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 2003-Ohio-694, (10th Dist.)  the plaintiff was a fireworks manufacturer which sought a variance under Ohio Rev. Code Ann. § 3743.59 from defendant Ohio Division of State Fire Marshal ("SFM") so the manufacturer could transfer its wholesaler fireworks license from one county to another.  Relying on R.C. 119.12, the manufacturer appealed SFM's denial of the request, arguing that the denial of the request to transfer its wholesaler license was part of SFM's "licensing functions" and thus subject to an administrative appeal pursuant to *Brown.  See generally Springfield Fireworks, Inc.* The trial court disagreed with this argument and granted SFM's motion to dismiss for lack of jurisdiction.  *See id.*

{¶ 16} In affirming the trial court's judgment, we rejected appellant's argument that SFM's action involved a "licensing function."  Specifically, we stated as follows:

> The "licensing function" factor is derived from the language in the first paragraph of R.C. 119.12[1] that permits an affected party to appeal an agency order, issued pursuant to an *"adjudication denying * * * the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license*[.]"  R.C. 119.01(B) defines the term "license" as including "any license * * * issued by any agency."  In turn, R.C. 119.01(A) defines "*agency*," in pertinent part, as including "*the licensing functions* of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state *having the authority or responsibility of issuing, suspending, revoking, or canceling licenses.*"

(Emphasis added.)  *Springfield Fireworks, Inc.* at ¶ 21.  We then found that "SFM's action regarding the request for a transfer of Springfield's wholesaler fireworks license did not

---

[1] R.C. 119.12 has been amended since our decisions in *Brown* and *Springfield Fireworks, Inc.* and the language set forth in our decision is now found in R.C. 119.12(B)(1).  The reasoning behind our decision, however, remains intact.

involve the 'issuing, suspending, revoking, or canceling' of a license," and therefore "SFM's action did not involve a licensing function and accordingly was not an 'agency' decision under R.C. Chapter 119." *Id.* at ¶ 24, citing *Brown* at 882.

{¶ 17} We further determined that because SFM's denial of the transfer request was not an "agency" decision,

> it necessarily was not a decision "issued pursuant to an adjudication," as additionally required by both: (1) the "licensing function" provision of the first paragraph of R.C. 119.12; and (2) the statute's second paragraph, which expressly provides an appeal to the Franklin County Court of Common Pleas for "any order of an agency issued pursuant to any other adjudication," regardless whether a licensing function is involved. R.C. 119.01(D) defines an "adjudication" as a "determination by the highest or ultimate authority of an agency." In the absence of an "adjudication" as defined in R.C. 119.01(D), the Franklin County Court of Common Pleas, together with other common pleas courts, lacks jurisdiction under R.C. 119.12 to review SFM's decisions.

*Id.* at ¶ 25, citing *Brown*; *In the Matter of CBM Homes for the Devel. Disabled, Inc.*, 1993 Ohio App. LEXIS 2015 (10th Dist. Apr. 6, 1993). We thus concluded that the manufacturer could not rely on R.C. 119.12 alone as the basis for appealing SFM's denial of its request to transfer its wholesaler license. *Id.*

{¶ 18} In sum then, based on the foregoing authorities, absent "an order of an agency issued pursuant to an adjudication denying . . . the issuance or renewal of a license or registration of a licensee, revoking or suspending a license . . .", an agency action is not subject to an appeal pursuant to R.C. 119.12 under the ostensible "licensing functions" of the agency.

{¶ 19} Here, just as in *Brown*, "*no license was ever applied for nor is there evidence of any license revocation or suspension*." (Emphasis added.) *Brown* at 882, quoting R.C. 119.12. Likewise, as in *Springfield Fireworks, Inc.*, in this case the Commission's action

regarding the approval of the seven nominations did not involve the " 'issuing, suspending, revoking, or canceling' of a license," and therefore appellee's action did not involve a licensing function and was not an 'agency' decision under R.C. Ch. 119. *See Springfield Fireworks, Inc.* at ¶ 24, citing *Brown*, at 882. Furthermore, as this court found in *Springfield Fireworks, Inc.*, because the Commission's action was not an 'agency' decision under R.C. Ch. 119, "it necessarily was not a decision 'issued pursuant to an adjudication' " as further required by R.C. 119.12.

{¶ 20} In short, in this case there simply was no "order of an agency issued pursuant to an adjudication denying . . . the issuance or renewal of a license or registration of a licensee, revoking or suspending a license . . . ." Thus, the action of appellee in approving the seven nominations under the authority of R.C. 155.33 is not subject to an appeal pursuant to R.C. 119.12 under the ostensible "licensing functions" of the agency. Because appellee's action is not subject to an appeal under R.C. 119.12, the trial court lacks subject-matter jurisdiction over appellants' challenge to the Commission's approval of the nominations. Accordingly, the Commission's motion to dismiss was properly granted.

{¶ 21} Therefore, based on the foregoing, we find the trial court did not err in dismissing appellant's action for lack of subject-matter jurisdiction. Accordingly, appellants' first assignment of error is overruled.

## C.  Second Assignment of Error

{¶ 22} In their second assignment of error, appellants assert that the trial court erred when it found the appellants lacked standing because the Commission's decision to approve the leasing of Salt Fork State Park and two state wildlife areas without offering a hearing has procedurally harmed appellants and their members, and the Commission's leasing approvals threaten appellants' members with concrete and particularized harms

arising from the oil and gas exploration on these lands.  This assignment of error is without merit.

{¶ 23}  The Supreme Court of Ohio has "recognized that standing is a 'jurisdictional requirement' and [has] stated: 'It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' "  (Emphasis in original.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973).  "Because standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.' " *Id.* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, fn. 5 (1992).

{¶ 24}  It is well-established that before an Ohio court may consider the merits of a legal claim, " 'the person or entity seeking relief must establish standing to sue.' " *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, ¶ 12, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 27.  "At a minimum, common-law standing requires the litigant to demonstrate that he or she has suffered (1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief." *Id.*, citing *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22.  Standing does not turn on the merits of the plaintiff's claims but rather on whether the plaintiff has alleged such a personal stake in the outcome of the controversy that he is entitled to have a court hear his case. *Id.*, citing *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7.

{¶ 25} Whether a litigant has established standing is a question of law which we review de novo.  *Ohioans for Concealed Carry* at ¶ 12; *Wilkins v. Harrisburg*, 2015-Ohio-

5472, ¶ 7 (10th Dist.), citing *LULAC v. Kasich*, 2012-Ohio-947, ¶ 23 (10th Dist.), citing *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 2009-Ohio-2400, ¶ 9 (10th Dist.).

**{¶ 26}** Here, appellants have alleged that they have suffered a direct injury or specific harm due to the Commission's action of nominating seven parcels of land owned by the state for the purpose of negotiating leases for oil and gas exploration, development and production, and therefore they have standing to assert their grievances. More specifically, they have essentially alleged that if such exploration, development and production ensue on the nominated lands, they will no longer be able to enjoy these lands and further, that the lands may be negatively impacted by such exploration, development and production. Thus, at best, appellants speculate that they *may* be harmed in the future. We find this is far too tenuous of a connection to the actions of the Commission of which appellants complain to be able to assert standing. As we have previously explained,

> [i]njury that is borne by the population in general and does not affect plaintiff in particular is typically insufficient to confer standing upon the plaintiff to bring suit against a defendant. *Tiemann v. Univ. of Cincinnati*, 127 Ohio App.3d 312, 325, 712 N.E.2d 1258 (10th Dist.1998), citing *Allen v. Wright*, 468 U.S. 737, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). The proposed plaintiff's injury cannot be merely speculative. A bare allegation that plaintiff fears that some injury will or may occur is insufficient to confer standing. *Id.*, citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

*Wurdlow v. Turvy*, 2012-Ohio-4378, ¶ 15 (10th Dist.).

**{¶ 27}** Furthermore, it is well-settled that "a general interest as a citizen does not convert an individual right into a right which would permit any citizen who suffers no distinct harm to sue a government agency." *Yost v. Jones,* 2001 Ohio App. LEXIS 5123, *8 (3rd Dist. Nov. 15, 2001), citing *Lujan*, 504 U.S. at 573-578. "The emotional impact from, loss of faith in, or personal distaste for a particular situation, law, or governmental

proceeding, without more, does not satisfy the legal concept of 'adversely affected' or 'aggrieved' for purposes of standing." *Id. See also, State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, ¶ 20 (alleging that one believes she is breathing polluted air, may be exposed to radioactive contamination in the event of a waste spill, and/or expressing concern for one's health due to an oil-and-gas-drilling-waste-treatment facility insufficient to establish standing).

{¶ 28} In sum, the trial court was correct in finding that even if appellants' challenge to the Commission's action was amenable to an appeal pursuant to R.C. 119.12—which we have already determined it is not—these particular appellants lacked standing to bring such a challenge. Therefore, the trial court did not err in finding that appellant's lacked standing in this matter. Accordingly, appellants' second assignment of error is overruled.

### D. Third Assignment of Error

{¶ 29} In their third assignment of error, appellants assert that the trial court erred when it proceeded to decide the issue of whether appellants had standing after it had already determined it lacked subject-matter jurisdiction over this matter. We disagree.

{¶ 30} Appellants do not dispute that standing and subject-matter jurisdiction are distinct issues, either of which might be a reason the trial court lacked jurisdiction, whether that be subject-matter jurisdiction or general jurisdiction, over appellants' challenge to the Commission's action in approving the nine nominations of land in this case. Indeed, they fail to cite any authority directly supporting their argument that the trial court erred by speaking on the standing issue after it had already found it lacked subject-matter jurisdiction over their claim. As the two issues are distinct, we do not agree that the trial court erred in speaking on the standing issue as an alternative basis for granting the Commission's motion to dismiss for lack of subject-matter jurisdiction.

{¶ 31} Furthermore, even if the trial court erred in opining on the alternative issue regarding standing, we find such error was harmless. This is so because in any event, the motion to dismiss was properly granted for lack of subject-matter jurisdiction because the appellants' challenge was not permissible as an appeal under R.C. 119.12. In other words, under either basis for dismissal, the appellants' appeal to the trial court would have been properly dismissed.

{¶ 32} Accordingly, we overrule appellants' third assignment of error.

## IV. Disposition

{¶ 33} For the foregoing reasons, we overrule appellants' three assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.