[Cite as *A.L.W.A.Y., L.L.C. v. Ohio Dept. of Transp.*, 2025-Ohio-4850.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

A.L.W.A.Y., LLC, ET AL.,       :

     Plaintiffs-Appellants,    :

     v.                     :

OHIO DEPARTMENT OF
TRANSPORTATION,        :

                                   :

     Defendant-Appellee.

No. 114845

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 23, 2025

---

Administrative Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-105671

---

### *Appearances:*

Mansour Gavin LPA, Diane A. Calta, and Anthony J. Coyne, *for appellant*s.

Dave Yost, Ohio Attorney General, Jennifer L. Deland, and Shantae Decarlow, Senior Assistant Attorneys General, *for appellees*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellants A.L.W.A.Y., L.L.C. ("A.L.W.A.Y.") and AVC Parking & Management, Inc. ("AVC") appeal from a judgment of the Cuyahoga County Court of Common Pleas dismissing their administrative appeal against appellees Ohio

Department of Transportation (the "Department") and Pamela Boratyn, the director of the Department, for lack of jurisdiction. They raise one assignment of error for our review, arguing that "[t]he trial court erred by dismissing the notice of appeal as not appealable under Chapter 119."

{¶ 2} After review, we conclude that the trial court lacked subject-matter jurisdiction over appellants' appeal. The Administrative Procedure Act set forth in R.C. Ch. 119 does not permit appeals to the common pleas court from all state-agency actions. The General Assembly granted jurisdiction to the common pleas court when the state agency meets the definition of "agency" set forth in R.C. 119.01(A) and its action was issued pursuant to an "adjudication" as defined in R.C. 119.01(D). In this case, the Department was not an agency as defined by the Administrative Procedure Act nor was there an adjudication. We therefore affirm the trial court's judgment dismissing appellants' appeal.

## I. Relevant Facts and Procedural History

{¶ 3} On October 3, 2024, Boratyn sent via certified mail a "Finding, Notice and Order to Remove Obstruction or Encroachment from State Highway Right of Way" (the "Order") to appellants pursuant to R.C. 5515.02. Assistant legal counsel for the Department sent an email to Diane Calta, the registered statutory agent of appellants, the following day, informing her of the Order and attaching a courtesy copy of it.

{¶ 4} The following facts are contained in the Order. In the late 1950s, the Department acquired "perpetual limited access highway easements" over eight

parcels of real property in an area south of Carnegie Avenue between East 21st and 22nd Streets and Cedar Avenue during the planning and construction of Interstate 90 and the Innerbelt Highway. Interstate 90 and improvements to East 22nd Street and the "Cedar-Carnegie Connector" were constructed over portions of the eight parcels.

{¶ 5} In 1989, the City of Cleveland conveyed its interest in the eight parcels to Albert Calta. Nine years later, Albert created A.L.W.A.Y. and conveyed the land to his newly created company. The quitclaim deeds conveying the land to both Albert and A.L.W.A.Y. expressly state that the parcels are subject to the highway easements.

{¶ 6} Albert created AVC in March 1993, establishing a self-pay parking lot on the land encumbered by the highway easements. In July 1993, the City issued a Certificate of Occupancy to Albert for a 135-car parking lot at 2100 Carnegie Avenue. In October 2021, the City issued a license to AVC to operate a 130-car parking lot at the same location. The Department stated in the Order that appellants built obstructions on its easements, including pavement, lighting, signage, fencing, and a self-serve pay station.

{¶ 7} The Department has "planned a major improvement to a portion of the Cleveland Innerbelt highway that includes the area of Interstate 90 at Carnegie Avenue, Cedar Avenue, and East 22nd Street under a project identified as CUY Interstate 90-Section 16.28," which will include reconstruction from East 9th Street to Carnegie Avenue and replacement of the East 22nd Street bridge over I-90.

According to the Department's Order sent to Calta, this project will include the acquisition of an additional right of way and "active use" of its highway easements where appellants' parking lot is located.

{¶ 8} The Department found that A.L.W.A.Y. and AVC have been using portions of the land that are encumbered with the highway easements as a self-serving parking lot without obtaining consent from the Department. The Department further found that "the continued private use" of the parking lot conflicts with, obstructs, and interferes "with the contemplated construction, reconstruction, improvement, maintenance, repair, or use" of "Interstate 90 and associated entrance or exit ramps and East 22nd Street and the bridge carrying it over Interstate 90 together with contiguous intersections at Carnegie and Cedar Avenues . . . ."

{¶ 9} The Department contacted appellants about the project and its need to use the eight parcels of land but said they "failed or refused to terminate and remove the parking lot use from those parcels."

{¶ 10} The Department ordered Calta to terminate the "parking lot use" over any portion of the parcels and begin removing the parking lot and any improvements on the land within five days of receipt of the Order, which is the statutory time to do so set forth in R.C. 5515.02. Further, the Department stated removal must be completed within a reasonable time. If appellants did not comply with the Department's Order, it informed Calta that it would remove the parking-lot

improvements and fixtures and restore the ground and seek collection of all costs from appellants by certifying such costs to the Ohio Attorney General.

{¶ 11} Appellants appealed to the Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12(A) and (B)(6). The Department subsequently moved to dismiss appellants' administrative appeal pursuant to Civ.R. 12(B)(1), arguing that the Department's Order is not subject to R.C. Ch. 119 appeals and, therefore, the common pleas court did not have jurisdiction over the matter.

{¶ 12} The trial court granted the Department's Civ.R. 12(B)(1) motion and dismissed the appeal. It is from this judgment that appellants now appeal.

## II. Law and Analysis

{¶ 13} In their sole assignment of error, A.L.W.A.Y. and AVC argue that the trial court erred by dismissing their notice of appeal for lack of jurisdiction.

### A. Standard of Review and Jurisdictional Authority

{¶ 14} We review a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction de novo. *Rheinhold v. Reichek*, 2014-Ohio-31, ¶ 7 (8th Dist.), citing *Bank of Am. v. Macho*, 2011-Ohio-5495, ¶ 7 (8th Dist.). When ruling on a Civ.R. 12(B)(1) motion, the trial court must determine whether it has the authority to decide the matter before it. *Id.* In a de novo review, we apply the same standards as the trial court. *Muhammad v. Ohio Civ. Rights Comm.* 2013-Ohio-3730, ¶ 16 (8th Dist.), citing *GNFH, Inc. v. W. Am. Ins. Co.*, 2007-Ohio-2722, ¶ 16 (2d Dist.).

{¶ 15} Subject-matter jurisdiction is "a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation

by that court is void." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. When determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and may consider other materials pertinent to such inquiry. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 16} The Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Const. art. IV, § 4(B). It is well-recognized that, absent specific constitutional or statutory authority, there is no inherent right to appeal from an order of an administrative agency. *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.*, 78 Ohio App.3d 289, 292 (10th Dist. 1992).

{¶ 17} The Administrative Procedure Act authorizes an appeal to the common pleas court from many administrative agency decisions. R.C. Ch. 119. Jurisdiction over an administrative appeal is therefore improper "unless granted by R.C. 119.12 or other specific statutory authority." *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist. 1996). Pursuant to R.C. 119.01(A), only certain agencies and agency functions are subject to appeal and to the corresponding procedural rules set forth in R.C. Ch. 119. *Van Meter* at 292.

{¶ 18} To determine whether R.C. 119.12 or other statutory authority grants the common pleas court jurisdiction over an administrative appeal, the reviewing

court must look to the language of the statutes involved to determine legislative intent. *Nkanginieme v. Ohio Dept. of Medicaid*, 2015-Ohio-656, ¶ 16 (10th Dist.).

**B. Pertinent Statutes**

{¶ 19} R.C. 119.12 (A) states: "Any party adversely affected by any order of an agency issued pursuant to an adjudication may appeal from the order of the agency to the court of common pleas of the county designated in division (B) of this section."

{¶ 20} R.C. 119.12 (B)(6) provides: "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County or the court of common pleas of the county in which the business of the party is located or in which the party is a resident."

{¶ 21} R.C. 119.01(A) defines "agency" as

any official, board, or commission having authority to promulgate rules or make adjudications in the civil service commission, the division of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses.

{¶ 22} R.C. 119.01(D) defines "adjudication" as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a

license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

### C. Parties' Arguments

{¶ 23} In their notice of appeal to the common pleas court, appellants stated that they were appealing the Department's Order pursuant to R.C. 119.12(A) and (B)(6). They argued that the Order was not supported by reliable, probative, or substantial evidence.

{¶ 24} The Department argues that R.C. 119.12(A) and (B)(6) are inapplicable to its Order. The Department claims that these provisions require an adjudication to warrant an appeal, which did not occur in this case. The Department contends that "[w]ithout an adjudication, there is no subject matter jurisdiction, and this matter was rightfully dismissed by the lower court." The Department maintains that "[c]ourts have long ruled that actions by the director of the Department of Transportation are not 'adjudications' by an 'agency' for purposes of appeal under R.C. 119." In support of this argument, the Department relies on *Asphalt Specialist, Inc. v. Ohio Dept. of Transp.*, 53 Ohio App.3d 45 (10th Dist. 1988), and *Brown v. Ohio Dept. of Transp.*, 83 Ohio App.3d 879 (10th Dist. 1992).

{¶ 25} Appellants counter that the Order contained an adjudication as defined by R.C. 119.01(D) because it included a "finding and a notice issued" by the director of the Department. Appellants argue that the cases relied upon by the Department are not dispositive with respect to the trial court's jurisdiction because the applicable law changed in 2023, making the requirements to appeal "less

restrictive." They assert, "Because the new language of Ohio Revised Code now establishes that *any party adversely affected by any order of an agency issued pursuant to an adjudication may file an appeal* under Chapter 119, the Trial Court quite simply did have subject matter jurisdiction to proceed with this matter." (Emphasis in original.)

### D. *Asphalt Specialist* and *Brown*

{¶ 26} In *Asphalt Specialist*, the director of the Ohio Department of Transportation relieved a contractor from control and supervision of a highway project for failing to correct deficient work. The contractor appealed to the Franklin County Court of Common Pleas pursuant to R.C. Ch. 119. The common pleas court dismissed the appeal for lack of subject-matter jurisdiction. The contractor appealed the dismissal to the Tenth District Court of Appeals, arguing that the Department of Transportation's decision deprived the contractor "of its constitutionally protected property interest without due process of law and would constitute an impermissible delegation of discretion to the director of the Ohio Department of Transportation in violation of both the Federal and Ohio Constitutions." *Id*. at 46.

{¶ 27} The Tenth District explained that the "narrow issue" before it was "whether a decision, by the Director of ODOT, to remove the contractor from a job is subject to the Administrative Procedure Act, R.C. Chapter 119." *Asphalt Specialist*, 53 Ohio App.3d at 46. The court stated that under R.C. 119.12, "'[a]ny party adversely affected by *any order of an agency* issued pursuant to any other

adjudication may appeal to the court of common pleas of Franklin county . . . .'"
(Emphasis in original.) *Id.* The court noted that "[t]he key words in R.C. 119.12
[were] 'agency,' 'adjudication,' and 'order.'" *Id.*

{¶ 28} The Tenth District went on to quote the pertinent sections of the
statutes that were in effect at that time. Under the version of R.C. 119.01(A) that was
in effect at that time, "'agency' for the purposes of the Administrative Procedure Act"
meant one of three things: "(1) boards specifically named; (2) the functions of any
administrative or executive officer, department, division, or commission specifically
made subject to sections 119.01 to 119.13 of the Revised Code; and (3) administrative
agencies with the authority to issue, revoke, suspend, or cancel licenses." *Id.* at 46-
47. The court found that while the Ohio Department of Transportation has licensing
authority, the act being appealed in that case did not involve a licensing function;
rather, "the decision was to hold the contractor in default on the contract." *Id.* at 47.
The court concluded that "[s]ince ODOT was not performing a licensing function, it
does not fall within the definition of 'agency,' and its decision was not an
adjudication." *Id.* The Tenth District concluded that the Ohio Department of
Transportation's decision was not subject to the Administrative Procedure Act and,
therefore, the trial court lacked jurisdiction to hear the contractor's appeal. *Id.*

{¶ 29} In *Brown*, 83 Ohio App.3d 879, the Tenth District was faced with the
question of whether the owners of a motel had the right to challenge an order issued
by the Ohio Department of Transportation to remove certain obstructions, including
a swimming pool, parking lot, landscaping, flagpole, motel sign, and light pole that

were located on a right-of-way owned by the Department. The motel owners filed an administrative appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.12.

{¶ 30} The Tenth District explained that based on the language of R.C. 119.12, "[a]n agency action does not qualify for an appeal pursuant to [R.C. 119.12] unless: (1) the agency is specifically named in R.C. 119.01(A); (2) the agency action involves licensing functions of the agency; or (3) some other statute specifically makes the agency or agency action subject to R.C. 119.12." *Id.* at 881, citing *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192, 193 (1981).

{¶ 31} The Tenth District upheld the lower court's dismissal, concluding that (1) the Ohio Department of Transportation's actions were not expressly subject to R.C. Ch. 119, (2) the Department did not deny or revoke a state-issued license, and (3) and no other statute makes the agency subject to R.C. 119. *Id.* at 881-882. The court further concluded that there was no adjudication in the case as defined by R.C. 119.01(D). *Id.* at 881-882. Regarding adjudication, the appellate court explained:

> In the absence of an "adjudication" as defined in R.C. 119.01(D), the right to notice and hearing does not obtain and, consequently, in such a case the court lacks jurisdiction to review actions taken by a state administrative agency. *State ex rel. Bd. of Edn. v. State Bd. of Edn.* (1978), 53 Ohio St.2d 173, 7 O.O.3d 357, 373 N.E.2d 1238. An act which is an adjudication is quasi-judicial in nature. A quasi-judicial proceeding involves the exercise of discretion, notice, hearing, an opportunity to introduce testimony through witnesses, and a finding or decision made in accordance with statutory authority. *In re Seltzer*

(May 19, 1992), Franklin App. No. 91AP-677, unreported, 1992 WL 113142, appeal pending in case No. 92-1400, citing *M.J. Kelly Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562. In the present matter, R.C. 5515.02 does not provide for prior notice, a hearing or an opportunity to present witnesses. The court finds that the trial court did not err in determining that the agency action did not constitute an adjudication.

*Brown* at 882.

### E. Analysis

### 2023 Amendments to R.C. 119.12

**{¶ 32}** First, we must determine if *Asphalt Specialist,* 53 Ohio App.3d 45, and *Brown,* 83 Ohio App.3d 879, are still good law after the amendments enacted in Am.Sub.S.B. No. 21, effective September 29, 2023. Appellants argue that *Asphalt Specialist* and *Brown* are not dispositive here because of the 2023 amendments. Appellants claim that the former version of the statute was more restrictive because the adjudication being appealed had to involve denying or issuing a license. Appellants assert that now, "the new language of Ohio Revised Code establishes that *any party adversely affected by any order of an agency issued pursuant to an adjudication may file an appeal* under Chapter 119." (Emphasis in original.)

**{¶ 33}** While appellants are correct that R.C. 119.12 was amended in late September 2023, the amendments did not substantively change the requirements to appeal or make them less restrictive as appellants claim. The language requiring that an adjudication involve issuing or denying a license was not entirely removed from the statute; it was simply moved from former R.C. 119.12(A) to 119.12(B)(1). Moreover, the Tenth District recently noted in *Parks v. Oil & Gas Land Mgmt.*

*Comm.*, 2025-Ohio-847, ¶ 12 (10th Dist.), that "R.C. 119.12 has been amended since our decisions in *Brown* . . . and the language set forth in our decision is now found in R.C. 119.12(B)(1). The reasoning behind our decision, however, remains intact."[1] *Id.* at ¶ 16, fn. 1.

**{¶ 34}** And notably, the General Assembly explained that the amendments made to the Administrative Procedure Act in S.B. 21 were enacted to make it easier for people to sue state agencies in the county in which they live rather than solely in Franklin County. *See* Ohio Legislative Service Commission, *Final Analysis*, available at https://www.legislature.ohio.gov/download?key=21332 (accessed Sept. 23, 2025) [https://perma.cc/8H7E-MTML] ("Allowing an adversely affected party to appeal to the common pleas court in the county where a licensee's place of business is located or where the licensee is a resident, in lieu of appealing to the Franklin County Court of Common Pleas").[2]

---

[1] The Tenth District discussed *Brown* and another case but its reasoning is equally applicable to *Asphalt Specialist*.

[2] Highlights of S.B. 21's Final Fiscal Note & Local Impact Statement are: "The bill's changes to the Administrative Procedure Law will decrease, to some degree, the number of administrative appeals heard in the Franklin County Court of Common Pleas and related cases heard by the Tenth District Court of Appeals and increase the number heard in other courts of common pleas and other courts of appeals. The magnitude of the case shift is likely to be minimal relative to the total caseload of the affected courts generally[,]" and "There are likely to be travel-related costs for state agencies and the Attorney General to appear in person at appeals hearings in counties outside of Franklin County." *See* Ohio Legislative Service Commission, *Final Fiscal Note & Local Impact Statement*, https://www.legislature.ohio.gov/download?key=21213 (accessed Sept. 23, 2025) [ https://perma.cc/XEP5-K76W].

**{¶ 35}** Therefore, we conclude that *Asphalt Specialist,* 53 Ohio App.3d 45, and *Brown,* 83 Ohio App.3d 879, are still good law and applicable to the present case.

**"Agency" and "Adjudication"**

**{¶ 36}** Next, we must determine whether the Ohio Department of Transportation is an "agency" as defined in R.C. 119.01(A) and whether there was an adjudication as defined by R.C. 119.01(D). After review, we conclude that the answer to both questions is no.

**{¶ 37}** Turning to R.C. 119.01(A), the Department is not expressly listed.[3] Second, the matter does not involve issuing or revoking a license. And finally, we cannot find — nor do appellants point to — any legislation making decisions (other than licensing decisions) of the Ohio Department of Transportation subject to review under R.C. Ch. 119. Therefore, the Department is not an "agency" as defined in R.C. 119.01(A).

**{¶ 38}** And even if we agreed with appellants that the Department was an agency for purposes of the Administrative Procedure Act, there was no adjudication as defined by R.C. 119.01(D) in this case. The Tenth District recently explained that "[g]enerally, 'R.C. 119.12 only allows appeals of orders issued pursuant to an adjudication.'" *Parks*, 2025-Ohio-847, at ¶ 12 (10th Dist.), quoting *Estep v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-82, ¶ 15 (10th Dist.). The Tenth District

---

[3] The agencies expressly listed are the civil service commission, the division of liquor control, the department of taxation, the industrial commission, and the bureau of workers' compensation.

court set forth the definition of adjudication in R.C. 119.01(D), which has not been amended since *Asphalt Specialist,* 53 Ohio App.3d 45, and *Brown,* 83 Ohio App.3d 879, were decided, and stated, "An adjudication is an act which 'is quasi-judicial in nature, involving notice, hearing, the opportunity to introduce testimony through witnesses, and a finding or decision made in accordance with statutory authority.'" *Parks* at ¶ 12, quoting *Columbus S. Power Co. v. Ohio Dept. of Transp.*, 1994 Ohio App. LEXIS 860, *6 (10th Dist. Mar. 1, 1994).

{¶ 39} In this case, the Department sent the Order pursuant to R.C. 5515.02, which sets forth "Removal of structures constituting obstructions or interferences." As noted by the Tenth District in *Brown*, "R.C. 5515.02, does not provide for prior notice, a hearing or an opportunity to present witnesses." *Id.* at 882. Moreover, there was no hearing in this case or any kind of quasi-judicial proceeding.

{¶ 40} Finally, appellants argue that "because there are fundamental fee simple property rights at issue, there is an interest in protecting those interests by affording [them] appropriate due process." They claim that "[i]f due process is not afforded, [their] constitutional rights will be violated." According to the evidence filed in the common pleas court, however, the Department obtained the easements across appellants' property many years before appellants owned it. Thus, appellants' due-process rights are not being violated.

{¶ 41} Appellants' sole assignment of error is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellees recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR